■ In the Matter of PAUL MONTORE, Appellant, v PATRICIA MONTORE, Respondent.—Yesawich, Jr., J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered July 21, 1986, which, *inter alia,* denied petitioner's application, in a proceeding pursuant to Domestic Relations Law § 240, for custody of his children.

Petitioner and respondent have two children, ages 9 and 11, by a marriage that ended in divorce in 1982. When the current litigation began, the parties had joint custody of the children, with physical custody alternating more or less every other day, while the children's primary residence remained

with respondent. On January 9, 1986, respondent sought past due child support from petitioner and requested that future support payments be made through the Saratoga County Support Collection Unit. On January 28, 1986, in answer to petitioner's application of January 16, 1986 seeking modification of his visitation rights, respondent renewed her earlier application and moved to have petitioner's visitation with the children reduced to every other weekend and on Wednesdays after school. On March 17, 1986, petitioner petitioned to acquire custody and for a revised visitation schedule. After hearing extensive testimony and receiving reports from a court-appointed psychologist and a Law Guardian, Family Court denied petitioner's petition and awarded sole custody to respondent. Petitioner appeals. As limited by his brief, petitioner's challenges are to the dismissal of his custody petition and the granting of full custody to respondent. We affirm.

With ample basis for doing so in the record, Family Court concluded in part: that the children were not benefiting from the present shared-time arrangement or the friction occasioned when the parents meet while implementing this program; that petitioner has the ability, and has rejected the opportunity, to earn income equal to or greater than respondent, who has a responsible position with a concern in the Albany area, approximately an hour's drive from her home, to which she has been commuting for several years; and that respondent more constantly conducts herself in a manner designed to serve the best interests of the children. We find it disconcerting that Family Court did not give more attention to respondent's vague but apparently imminent plan to move to the Albany area *(see, Matter of Callahan v Denton,* 114 AD2d 663, 665), the primary concern of the Law Guardian. However, the custody of children is ordinarily a matter of discretion for the trial court and its determination is rarely altered on review *(Matter of Darlene T.,* 28 NY2d 391, 395). Bearing in mind that the court-appointed psychologist recommended that respondent be awarded custody, and after considering the other testimony as a whole, we are unable to say that a "sound and substantial basis" for Family Court's decision is lacking *(see, Bunim v Bunim,* 298 NY 391, 393).

Insofar as petitioner urges that he, due in part to periods of unemployment, has been able to assume the nurturing role traditionally associated with a mother, we note that even if this is so, it does not constrain Family Court, which specifically observed that petitioner "does not consistently pursue a

course of conduct which best serves the interests of the children."

Order affirmed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.