■ KEN LEISTNER, Appellant-Respondent, v DIAN J. LEISTNER, Respondent-Appellant.—In a matrimonial action in which the parties were divorced by a judgment entered December 28, 1983, (1) the plaintiff father appeals from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated December 18, 1986, as, after a hearing, denied his motion for a change in custody of his infant son to him, and (2) the defendant mother cross-appeals, as limited by her brief, from so much of the same order as denied her request for counsel fees.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

While our authority in matters of custody is as broad as that of the trial court *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946), the determination as to whether a custody

award should be modified depends to a very great extent upon the assessments of the credibility of the witnesses and upon the assessments of the character and temperament of the parents. Accordingly, we treat the findings of the trial court with great respect *(see, Eschbach v Eschbach,* 56 NY2d 167; *Matter of Irene O.,* 38 NY2d 776; *Ira K. v Frances K.,* 115 AD2d 699). Based thereon and upon a review of the record in light of the factors outlined in *Friederwitzer v Friederwitzer* (55 NY2d 89), we are satisfied that the trial court correctly determined that the best interests of the child would be served by permitting physical custody to remain with the mother. However, the mother should be aware that interference with the relationship between a child and a noncustodial parent by the custodial parent has been said to be an act so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as a custodial parent *(Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938).

Finally, while we agree that the trial court should have permitted testimony by a third party as to an expression of hostility toward the father by one of the mother's witnesses *(see, Potter v Browne,* 197 NY 288; *Brink v Stratton,* 176 NY 150; *Schultz v Third Ave. R. R. Co.,* 89 NY 242), under the circumstances of this case, reversal is not warranted. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.