THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. COFFEY, Appellant.—Casey, J.

Defendant's conviction stems from acts committed on January 19, 1985 at the residence of Lillian Todd in the Town of Oswegatchie, St. Lawrence County, where defendant and Todd's eight-year-old nephew were required to spend the night because of a snowstorm. According to the nephew, he and

defendant slept on the same couch in the living room, and during the night defendant unzipped the nephew's pants and fondled his genitals. Although the nephew did not report the incident to his aunt, he told his mother about it later the next day upon his return home. The mother informed the school psychologist, but apparently the matter was not reported to the State Police until June 18, 1986, when defendant was involved in a similar unrelated incident with another boy. Defendant was then questioned by State Police investigators and confessed to abusing the second boy. Defendant stated that he could not remember abusing the nephew but that it was possible, since he was drunk at the time. Defendant also stated that he needed psychiatric help. Defendant was indicted for sexual abuse in the first degree.

At trial, the school psychologist testified that the nephew's behavior after the alleged molestation was consistent with the behavior of other victims of sexual abuse. In addition, passing reference to the second victim was made by two witnesses, and during the prosecution's summation, the prosecutor asked the jury, "Can't you imagine being eight years old and having somebody do this to you?" Defendant was found guilty as charged and sentenced to an indeterminate prison term of 1½ to 4½ years.

On this appeal, defendant argues that his statement was not voluntary since it was coerced by the State Police and he was not permitted to see an attorney. Defendant's claim in this regard is in direct conflict with the testimony of the State Police officer, who stated that defendant was fully advised of his *Miranda* rights and waived them, and that defendant was never coerced or threatened in any way. County Court and the trial jury accepted this latter version of the events and we find no reason to disturb the determination *(see, People v Hopkins,* 58 NY2d 1079, *affg* 86 AD2d 937).

Defendant also objects to the testimony of the school psychologist as lacking a proper foundation and further contends that the psychologist lacked proper qualifications. In our view, this contention lacks merit due to the evidence of the psychologist's training, education and experience *(see, People v Atkinson,* 122 AD2d 385, 387, *lv denied* 68 NY2d 912), and we find no abuse of County Court's discretion in admitting the psychologist's testimony *(see, People v Keindl,* 68 NY2d 410, 422). The credibility of that testimony was for the jury's consideration *(see, People v Geppner,* 122 AD2d 394, 396).

Further, we fail to see how the passing reference to the

second victim could have adversely affected defendant's right to a fair trial or how the statement of the prosecutor in her summation exceeded the bounds of propriety. The severity of the crime supports the sentence imposed by County Court and we find no abuse of its discretion in this regard. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.