■ Mark Ginsberg, Respondent-Appellant, v Sara J. Ginsberg, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant wife appeals from stated portions of a judgment of the Supreme Court, Nassau County (Levitt, J.), dated January 9, 1989, which, *inter alia,* (a)

awarded her the sum of $250 per week in child support, (b) terminated her alimony, (c) directed her to pay $13,500 to the husband, (d) directed her to pay an additional $19,000 to the husband, (e) denied her request for attorneys' fees and awarded the husband attorneys' fees, and (f) retained exclusive jurisdiction of this action for purposes of future orders pertaining to custody, child support, and visitation, and (2) the plaintiff husband cross-appeals from stated portions of the same judgment which, *inter alia,* (a) following a hearing, awarded the wife custody of the parties' child, (b) denied his request to retroactively eliminate child support paid during the period in which visitation was suspended, and (c) denied his request for attorneys' fees expended during litigation of the issues of custody, visitation, and child support.

Ordered that the judgment is modified, on the facts and as a matter of discretion, (1) by increasing child support from $250 per week to $500 per week, (2) by deleting therefrom the ninth decretal paragraph which granted the husband's application to terminate the wife's alimony, and substituting therefor a provision continuing alimony as set forth in the judgment of separation dated December 14, 1976, (3) by deleting therefrom the sixteenth decretal paragraph which denied the wife's application for attorneys' fees for services rendered by Flaum, Imbarrato & Mondello, (4) by deleting therefrom the eighteenth decretal paragraph which directed the wife to pay $13,500 to the husband, and (5) by deleting therefrom the twentieth decretal paragraph which granted the husband's application for attorneys' fees; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the wife, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination with respect to the wife's application for counsel fees for services rendered by Flaum, Imbarrato & Mondello, in accordance herewith.

The plaintiff Mark Ginsberg and the defendant Sara Jane Ginsberg were married in 1973, and were separated by judgment dated December 14, 1976. The separation judgment awarded the wife custody of the couple's only child Jason, now 15 years old.

Following a protracted custody hearing which included the testimony of several mental health professionals and multiple in camera interviews of Jason, the court reaffirmed the award of custody of Jason to the wife. Custody disputes arise in emotionally charged circumstances, and require that the court conduct a careful balancing of all the applicable factors in

determining the best interests of the child under the prevailing circumstances *(see, Eschbach v Eschbach,* 56 NY2d 167, 171-174; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94). Upon the exercise of our broad review powers in custody matters *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Lenczycki v Lenczycki,* 152 AD2d 621), we conclude that the court's custody determination is supported by a sound and substantial basis in the record, and we decline to disturb it *(see, Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

However, while the record indicates that the wife was not supportive of her son's need to maintain a close relationship with his father before she became actively involved in therapy, we find her actions did not rise to the level of "deliberate frustration" of the father's visitation rights *(see, Fuerst v Fuerst,* 131 AD2d 426; *cf., Matter of Alexander v Alexander,* 129 AD2d 882; *Kaplan v Kaplan,* 75 AD2d 885). Accordingly, we conclude that the court improvidently exercised its discretion in retroactively eliminating the husband's alimony obligation based on Jason's refusal to see his father from October 1984 to July 1986 *(see, Fuerst v Fuerst, supra),* and delete the provision of the judgment which requires the wife to refund $13,500 in alimony payments for that period.

Further, while the court properly considered the issue of child support de novo *(see, Kover v Kover,* 29 NY2d 408; *Blauner v Blauner,* 60 AD2d 215), upon consideration of the respective circumstances of the parties, we find that the court's award of child support in the amount of $250 per week was inadequate, and that an award of $500 per week would be more appropriate. In this regard, we note that the wife is employed as a public school teacher and earns an annual salary of approximately $43,000 per year, while the husband is a real estate investor who earns nearly 10 times more than she, and has a net worth in excess of $4,000,000. Moreover, we disagree with the court's conclusion that the wife in this preequitable distribution action waived her right to a continuation of alimony *(cf., Matter of Sergi v Sergi,* 58 AD2d 692). Upon a consideration of the various aspects of the marital relationship, including the financial status of the parties, their health and age, and the duration of the marriage *(see, Infosino v Infosino,* 109 AD2d 869), we find that the alimony awarded to the wife in the judgment of separation should be continued.

Additionally, we conclude that the court improperly denied the wife's application for attorneys' fees and required her to pay $500 of the husband's counsel fees, primarily on the ground that her actions were responsible for the protracted

custody trial. The issue of attorneys' fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties and their respective financial positions in determining whether an award is appropriate (see, Hackett v Hackett, 147 AD2d 611; Basile v Basile, 122 AD2d 759, 760). In view of the fact that both parties in the instant case share blame for their refusal to place Jason's interests ahead of their own, and in view of the great disparity in the parties' financial circumstances, we conclude that the wife is entitled to an award of attorneys' fees for the services provided by the firm of Flaum, Imbarrato & Mondello. Accordingly, we remit this matter to the Supreme Court, Nassau County, for an evidentiary hearing to establish the reasonable value of these services (see, Paruch v Paruch, 140 AD2d 418; Stern v Stern, 114 AD2d 408; Price v Price, 113 AD2d 299).

We have examined the remaining contentions raised on the appeal and the cross appeal, and find that they are without merit. Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.