■ In the Matter of CARL J. B., Appellant, v DOROTHY T., Respondent.—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (DePhillips, J.), dated October 11, 1991, which, *inter alia,* transferred permanent custody of the child to the mother, ordered that the father have supervised visitation with the child once a week on Saturdays, and issued an order of protection against the father directing him not to interfere with the mother's custody of the child and to desist from any direct or indirect endeavor to continue undermining the mother-daughter relationship.

Ordered that the order is affirmed, with costs.

The father contends that the Family Court erred in transferring custody of the child to her mother. We disagree. In considering questions of child custody, the best interests of the child are paramount *(Eschbach v Eschbach,* 56 NY2d 167, 171). Although the authority of the Appellate Division in making custody determinations is as broad as that of the trial court *(Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946), respect is to be accorded to the Trial Judge's advantage in being able to observe the demeanor and to assess the credibility of the witnesses *(Matter of Louise E. S. v W. Stephen S., supra).* The court must consider the totality of the circumstances in assessing whether custody should be changed *(Eschbach v Eschbach, supra).*

Although "priority * * * is accorded the first award" *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 94), it is nevertheless

"but one factor to be weighed by the court in deciding whether a change of custody is warranted" *(Eschbach v Eschbach, supra,* at 171; *see, Friederwitzer v Friederwitzer, supra,* at 93-94). Further, where the first award is the result of a stipulation, as here, it is entitled to less weight than a disposition after a plenary trial *(Friederwitzer v Friederwitzer, supra; Matter of Patsy M. C. v Lorna W. C.,* 165 AD2d 813).

Moreover, this Court has noted that " 'interference with the relationship between a child and a noncustodial parent by the custodial parent has been said to be an act so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as a custodial parent *(Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 438)' " *(Skolnick v Skolnick,* 142 AD2d 570, 571).

In view of the totality of the circumstances, we find that the court's transfer of custody of the child to her mother is supported by a sound and substantial basis in the record *(see, Matter of Coyne v Coyne,* 150 AD2d 573; *Skolnick v Skolnick, supra).* Although the father had custody of the child since 1986 by agreement of the parties, the father consistently attempted to undermine, if not eradicate, the child's relationship with her mother, and to portray the mother as a child abuser. Moreover, it was the recommendation of Dr. Robert Kaplan, the court-appointed psychiatrist, after conducting evaluations of all the parties, that permanent custody be awarded to the mother. We also note that the Law Guardian recommended that the mother have custody.

In addition, the father's actions during the custody proceeding demonstrated his unwillingness for the child to have a relationship with her mother. For example, in defiance of the court's admonishment to him, the father interfered with the mother's visitation by failing to timely transfer temporary custody of the child to her mother in accordance with an order dated June 28, 1991.

We also find no merit to the father's claim that the court failed to appoint an independent psychiatric expert to conduct forensic evaluations of the parents and the child as it was directed to by this Court *(see, Matter of Dorothy T. v Carl J. B.,* 169 AD2d 771). The court appointed Dr. Robert Kaplan, the only psychiatrist employed with the Mental Health Services affiliated with the Queens County Family Court. The doctor's services were not paid for by either party in this proceeding and there is nothing in this record to suggest that the doctor had a personal interest in this case or was otherwise biased.

Similarly unavailing is the father's challenge to the visitation schedule fashioned by the court. The visitation granted herein insures meaningful contact between the father and his child *(De La Torre v De La Torre,* 183 AD2d 744; *Matter of Thomas S. v Kathleen Z.,* 149 AD2d 599). Supervised visitation is not considered a deprivation to meaningful access to a child *(Lightbourne v Lightbourne,* 179 AD2d 562), and in this case has a sound and substantial basis in the record *(Matter of Thomas S. v Kathleen Z., supra).*

The father's remaining contention does not require reversal. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.