■ In the Matter of KATHLEEN VANDERHOFF, Respondent, v JOSEPH VANDERHOFF, Appellant. [615 NYS2d 919] —In a proceeding pursuant to Family Court Act article 6 in which the father alleged a violation of his visitation rights and sought suspension of his child support payments, the father appeals from an order of the Family Court, Queens County (Fitzmaurice, J.), dated December 6, 1991, which, inter alia, denied the petition in all respects, directed that visitation pursuant to an order dated February 9, 1987, be held in abeyance until the child wishes to see the petitioner, and directed the father to participate in individual counseling.

Ordered that the order is modified, on the law, by deleting the provisions thereof which directed that visitation pursuant to an order of the same court, dated February 9, 1987, be held in abeyance, and which directed the father to participate in counseling; as so modified, the order is affirmed, without costs or disbursements.

"A noncustodial parent should have reasonable rights of visitation, and the denial of those rights to a natural parent is a drastic remedy that should only be invoked when there is substantial evidence that visitation would be detrimental to

the child" *(Paul G. v Donna G.,* 175 AD2d 236, 237; *see, Matter of Hughes v Wiegman,* 150 AD2d 449; *Matter of Eric L. v Dorothy L.,* 130 AD2d 660). "While the determination of a hearing court in a custody or visitation proceeding is entitled to great respect *(Eschbach v Eschbach,* 56 NY2d 167; *Ira K. v Frances K.,* 115 AD2d 699), '[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody [and/or visitation] determination to stand where it lack[ed] a sound and substantial basis in the record' *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76)" *(Valenza v Valenza,* 143 AD2d 860, 862).

In the present case, there was no evidence that the father's continued visitation with the subject child in accordance with an order dated February 9, 1987 would be detrimental to the child's well-being *(see, Matter of Thomas S. v Kathleen Z.,* 149 AD2d 599, 599-600). In fact, the court-appointed psychiatrist who examined the parties testified that, while the child wished that the father no longer have visitation, she also indicated that the supervised visitation as provided in the previous order was acceptable. While the child's feelings and attitudes are relevant, they are not determinative *(see, Resnick v Zoldan,* 134 AD2d 246, 248). Thus, the court erred in holding the previous order in abeyance until the subject child wished to visit with the father, effectively suspending the father's visitation rights.

Similarly, the court improperly ordered the father to undergo individual counseling *(see, Nacson v Nacson,* 166 AD2d 510, 511; *Schneider v Schneider,* 127 AD2d 491, *affd* 70 NY2d 739). Here, the court-appointed psychiatrist did not recommend such counseling *(cf., Resnick v Zoldan, supra).*

The court's determination that the mother did not willfully violate the 1987 visitation order was supported by a sound and substantial basis in the record and we decline to disturb it *(see, Ginsberg v Ginsberg,* 164 AD2d 906). Although the mother was ambivalent as to whether the child had a relationship with the father, her conduct did not rise to the level of deliberate frustration of or active interference with the father's visitation rights *(see, Ginsberg v Ginsberg, supra; Resnick v Zoldan, supra).* Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.