■ SUSAN MALONEY, Appellant, v JAMES J. MALONEY, Respondent. [617 NYS2d 190] —In an action for divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Yachnin, J.), entered April 1, 1993, as granted custody of the infant children to the defendant and limited her visitation rights.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We find no basis for disturbing the trial court's award of custody of the parties' three children to the defendant father. It is well settled that in adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the children *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89). Moreover, the court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents. Therefore, the findings of the trial court must be treated with great respect, unless they lack a sound and substantial basis in the record *(see, Matter of Carl J. B. v Dorothy T.,* 186 AD2d 736; *see also, Klat v Klat,* 176 AD2d 922, 923; *Leistner v Leistner,* 137 AD2d 499).

In the present case, the record indicates that the father provided the children with a well-rounded and stable home environment during his visitation periods, which included stimulating activities outside of the home. The mother, however, failed to promote, to the same degree, the children's intellectual, physical and social development, although she had primary custody. Moreover, the mother persistently interfered with the father's visitation rights, causing disruption to the children's weekend routines, often causing them to miss special events which had been planned well in advance and which the children eagerly anticipated. Interference with the relationship between a child and a noncustodial parent by the custodial parent is an act so inconsistent with the best interests of the child as to per se raise a strong probability that the

offending party is unfit to act as a custodial parent *(see, Leistner v Leistner,* 137 AD2d 499, *supra; see also, Matter of Krebsbach v Gallagher,* 181 AD2d 363, 366).

Further, the court-appointed psychiatric expert testified that the children were already experiencing a sense of uncertainty as a result of the mother's vindictive attitude toward their father, and the continued pattern of interference would eventually cause the children emotional disturbance. The weight of the evidence indicated that the father would provide the more stable and nurturing home environment for the children. Therefore, it was not an improvident exercise of discretion for the trial court to award custody to the father.

It was within the sound discretion of the court to award alternating weekend and holiday visitation and extended summer visitation to the mother, and the court did not improvidently exercise its discretion by declining to grant mid-week visitation. Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.