■ In the Matter of LAUREL DAVIS, Respondent, v ROSS KOSTIN, Appellant. [617 NYS2d 229] —Casey, J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.),

entered September 26, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child.

The parties are the parents of one child, born in 1984, who has Down's syndrome. Pursuant to an order entered upon the parties' stipulation in 1987, the parties were awarded joint custody of the child. The order was modified twice as a result of disputes between the parties and, finally, in 1989, each party petitioned for modification of the order to obtain sole legal custody of the child. After a hearing, Family Court granted petitioner's application, resulting in this appeal by respondent.

The record conclusively establishes that the parties' inability to act in a mature and civilized manner to resolve their differences concerning their child makes joint custody inappropriate (see, Braiman v Braiman, 44 NY2d 584, 589-590). The question of which parent should have custody, however, is not as easily resolved. The record establishes that both parties are fit parents who love their child. Family Court, however, had the opportunity to view the witnesses and assess their credibility firsthand (see, Matter of Bogert v Rickard, 199 AD2d 587). The Law Guardian and two psychologists who evaluated the parties all recommended that custody be awarded to petitioner. The evidence reveals that respondent tends to be inflexible in both his opinion as to the appropriate educational goals for his child and in his dealings with teachers and other school officials. The record as a whole provides no basis to disturb Family Court's resolution of the factual issues raised by the parties' custody dispute (see, Matter of Montore v Montore, 134 AD2d 770).

Mercure, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.