■ In the Matter of ELIZABETH CZUMAK, Appellant, v ROY S. GUERCIO, Respondent. [618 NYS2d 550] —In a custody proceeding pursuant to Family Court Act article 6, the mother Elizabeth Czumak appeals from an order of the Family Court, Suffolk County (Doyle, J.), dated December 27, 1993, which, after a hearing, denied her petition to modify a prior custody agreement and award her sole custody of the parties' minor child, and granted the father Roy S. Guercio's cross petition for sole custody.

Ordered that the order is affirmed, with costs.

It is well settled that in cases where a change of custody is sought, the relief should be granted when, in the court's discretion, "the totality of the circumstances * * * warrants its doing so in the best interests of the child" *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 96). "Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" *(Alanna M. v Duncan M.,* 204 AD2d 409; *see, Matter of Irene O.,* 38 NY2d 776), its findings "are generally accorded great respect

\* \* \* and will not be disturbed unless they lack a sound and substantial basis in the record" *(Kuncman v Kuncman,* 188 AD2d 517, 518).

Here, the Family Court properly determined that granting the father sole custody would be in the child's best interests. Its determination had a sound and substantial basis in the record. The Family Court was in a unique position to observe the parties and their witnesses testify, and carefully reviewed all the relevant evidence in making its decision. Although the parties' own agreement provided for joint custody, both parties expressed their desire to rescind the agreement when they filed petitions for sole custody. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.