■ In the Matter of AUGUSTIN GAGO, Respondent, v ALMA ACEVEDO, Appellant. [625 NYS2d 250] —In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Yancey, J.), dated August 26, 1992, which granted the father's petition for sole custody of the parties' minor child and denied the mother's cross petition for the same relief.

Ordered that the order is affirmed, with costs.

We find no basis for disturbing the trial court's award of sole custody of the parties' minor child to the father. It is well settled that, in adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89).

Moreover, the court's determination depends to a great extent upon its assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parents. Therefore, the findings of the trial court must be treated with great respect unless they lack a sound and substantial basis in the record (see, Matter of Carl J. B. v Dorothy T., 186 AD2d 736; see also, Klat v Klat, 176 AD2d 922; Leistner v Leistner, 137 AD2d 499).

In the present case, the record indicates that the father provided the child with the structure that the child needed and a generally stable home environment during his visitation periods. Further, the father fostered the mother-son relationship. The mother, however, failed to promote stability in the home and the child's intellectual development to the same degree as the father, although she had primary custody. Moreover, the mother persistently interfered with the father's visitation rights by making unfounded allegations of child abuse against the father, by coaching the child to make false allegations of abuse, and by causing disruption to the child's visitation and vacation plans with his father. Interference with the relationship between a child and a noncustodial parent by the custodial parent is an act so inconsistent with the best interests of the child that it raises, by itself, a strong probability that the offending party is unfit to act as a custodial parent (see, Leistner v Leistner, supra, 137 AD2d 499; see also, Matter of Krebsbach v Gallagher, 181 AD2d 363, 366).

The mother contends that by awarding primary custody to the father, the trial court improperly interfered with her right to raise the child as a Jehovah's Witness. The courts may consider religion as one of the factors in determining the best interests of a child, but religion alone may not be the determinative factor (see, Aldous v Aldous, 99 AD2d 197, 199, cert denied 469 US 1109). Although the mother was studying to become a Jehovah's Witness, neither she nor the child was baptized in that religion. Further, although the child was aware of the proscription of the Jehovah's Witnesses against celebrating Christmas and birthdays, he had not yet studied their religion. Thus, he had not developed any actual religious ties to the religion of the Jehovah's Witnesses (Aldous v Aldous, supra, at 199; see also, Spring v Glawon, 89 AD2d 980). Moreover, there is no evidence in the record that, because the father permitted the child to choose whether he would participate in certain holiday or birthday celebrations, the child's well-being was threatened. Under these circumstances, the trial court did not improvidently exercise its

discretion by declining to intrude on either parties' right to educate the child in their respective religions (see, *Matter of Bentley v Bentley,* 86 AD2d 926, 927). Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.