■ In the Matter of ROBERT F. HARTMAN, Appellant, v AUDRE P. HARTMAN, Respondent. [624 NYS2d 470] —Casey, J. Appeals (1) from an order of the Family Court of Warren County (Austin, J.), entered April 26, 1993, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children, and (2) from an amended order of said court, entered June 25, 1993, which, in a proceeding pursuant to Family Court Act article 6, inter alia, failed to impose sanctions upon a finding that respondent violated an order of visitation.

Pursuant to a separation agreement which was subse-

quently incorporated but not merged into a judgment of divorce, petitioner and respondent shared joint custody of their two children. Respondent retained physical custody of the children, while petitioner had visitation rights and was obligated to pay child support. Petitioner thereafter sought sole custody of both children on the grounds that respondent was not providing for the children's physical and emotional needs by failing to provide medical attention when necessary, failing to feed and clothe them properly and in using excessive corporal punishment. Respondent opposed the petition and cross-petitioned for sole custody.

After trial of the issues but before Family Court's decision, petitioner twice moved for an order of contempt, claiming that respondent had wilfully violated the parties' custodial arrangement by failing to adhere to the Christmas 1992 visitation schedule. Family Court (1) awarded sole custody of the children to respondent, finding that joint custody was not an available option in the circumstances, and (2) found that both respondent and petitioner were available for the emotional growth of the children and possessed comparable abilities to provide for such growth, and that the home environment in the care of each parent was positive. Family Court also found that the best interests of the children mandated that petitioner be awarded liberal visitation and set forth an explicit visitation schedule. In a supplemental/amended order which considered petitioner's contempt motions, Family Court, *inter alia,* found that respondent wilfully violated petitioner's rights of visitation, but declined to impose sanctions. Petitioner appeals both the order and the amended order.

Family Court's decision to award respondent sole custody is supported by the evidence. Contrary to petitioner's argument that Family Court ignored his claims, Family Court found that the parties were unable to act in a civilized manner toward each other, thereby rendering a joint custody arrangement inappropriate *(see, Matter of Davis v Kostin,* 208 AD2d 975, 976). Thus, Family Court's inquiry was narrowed to which parent should be awarded sole custody, keeping in mind that the primary consideration in such case is the best interests of the children *(see, e.g., Matter of Perry v Perry,* 194 AD2d 837). The salient features of such an inquiry *(see, Matter of Belden v Keyser,* 206 AD2d 610, 611), which were considered by Family Court, indicate that the determination should not be disturbed. The record reveals that respondent has had primary physical custody of the children since the divorce. The children were always properly supported and cared for

and happy while in this custodial arrangement. As there is no indication that the change of custody sought by petitioner will enhance the welfare of the children, it is in their best interests not to disrupt their lives by removing them from respondent's home (see, Matter of Gitchell v Gitchell, 165 AD2d 890, 895).

We have considered petitioner's claim that respondent's interference with his visitation should preclude a grant of custody in respondent's favor (cf., Leistner v Leistner, 137 AD2d 499). We find, however, that the circumstances here are not so egregious as to require us to disturb Family Court's custody order (see, Matter of Clary v Bond, 186 AD2d 869, 871).

There was a 19-month delay between the hearing and the order of custody which petitioner claims was prejudicial to his interests. Although we believe the delay was unduly long, such delay in and of itself is insufficient to require a new hearing (see, Matter of Brozzo v Brozzo, 192 AD2d 878, 880). We find petitioner's claim of prejudice to be unsubstantiated and unfounded. Furthermore, there is no merit in petitioner's claim that Family Court improperly allowed into evidence the reports and testimony of respondent's allegedly incompetent and biased witnesses. The qualifications and weight of the testimony of these witnesses was for Family Court to determine (see, Matter of Belden v Keyser, supra), and it cannot be said that such testimony was improperly received (see, People v Coffey, 140 AD2d 861, 862).

Petitioner further claims that Family Court abused its discretion in eliminating his weekday visitation. We disagree. The decision reducing petitioner's visitations to weekend periods was based on the best interests of the children since visitation during the week disrupted the children's school schedule and, therefore, petitioner's rights as a parent must "yield to that superior demand" (Matter of Lincoln v Lincoln, 24 NY2d 270, 272).

Finally, the custody decision is not too concise or improperly conclusive. Family Court considered a variety of relevant factors in arriving at its order and stated the facts upon which its decision was based (cf., Giordano v Giordano, 93 AD2d 310, 311, affd 96 AD2d 653). Accordingly, the orders on appeal should in all respects be affirmed.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order and amended order are affirmed, with costs.