■ In the Matter of Elizabeth P. Brady, Appellant, v Thomas Brady, Respondent. [628 NYS2d 191] —White, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered February 17, 1994, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of Jesse Brady.

The principal issue on this appeal is whether Family Court's award of custody of the parties' daughter, born in 1987, to respondent should be sustained. In custody matters, Family Court's responsibility is to fashion an award that is in the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171). To fulfill this responsibility, the court must consider many factors, including the quality and stability of the respective home environments and the past performance of each parent, as well as the relative fitness and ability of each parent to provide for and guide the child's intellectual and emotional development (*see, Matter of Perry v Perry*, 194 AD2d 837).

Petitioner contends that Family Court deviated from this standard in failing to adopt the psychologist's recommendation of joint custody. Aside from the fact that the psychologist's report is not determinative (*see, Matter of Pasco v Nolen*, 154 AD2d 774, 776), Family Court's decision not to award joint custody was justified since the record establishes that the parties are unable to cooperate due to their antagonistic relationship (*see, Matter of Haran-Buckner v Buckner*, 188 AD2d 705, 707).

Although the hearing overly focused on the parties' alleged behavioral flaws and their marital discord, there does emerge from the record the clear indication that respondent will be better able to provide the child with a stable home environment and guidance since he is a permanent resident of the Town of Bolton Landing, Warren County, where the child attends school, he has a flexible work schedule which he can adjust to meet the child's needs, and he can rely on a strong support system provided by his foster parents. In contrast, petitioner's future plans, including career and educational goals, are vague. Further, her tendency to inappropriately involve the child in the marital conflict raises questions concerning her judgment.

In our view, this record provides a sound and substantial basis for Family Court's determination. Consequently, because we accord great deference to Family Court's findings in custody proceedings, we affirm (*see, Matter of Czumak v Guercio,* 208 AD2d 724; *Matter of Bogert v Rickard,* 199 AD2d 587, 588).

We reject petitioner's claim of gender bias on the part of Family Court as it is predicated solely on the fact that the court resolved the credibility issues in respondent's favor. Lastly, while we do not condone Family Court's six-month delay in rendering its decision, such delay standing alone is not grounds for a new hearing (*see, Matter of Brozzo v Brozzo,* 192 AD2d 878, 880).

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.