■ In the Matter of FRANCES K., Respondent, v CHRISTOPHER T., Appellant. [631 NYS2d 902] —In a proceeding pursuant to Family Court Act article 6, the father appeals (1) from a per-

manent order of protection of the Family Court, Suffolk County (Freundlich, J.), entered May 20, 1993, which, *inter alia,* found him in contempt and directed him to pay a fine of $250 together with $525 in counsel fees, (2) from an order of the same court, dated May 20, 1993, which, *inter alia,* directed supervised visitation of the child of the parties, (3) as limited by his brief, from stated portions of an order of the same court, entered May 28, 1993, which, *inter alia,* vacated the orders entered and dated May 20, 1993, respectively, and established a supervised visitation schedule, and (4) from an order of the same court, entered August 11, 1993, which directed him to pay $1,000 in counsel fees.

Ordered that the appeals from the orders entered and dated May 20, 1993, respectively, are dismissed as academic, without costs or disbursements, as those orders were vacated by the subsequent order of the same court, entered May 28, 1993; and it is further,

Ordered that the order entered May 28, 1993, is modified, on the law and the facts, by deleting the fourth decretal paragraph thereof providing for supervised visitation when school is not in session and substituting therefor a paragraph directing that unsupervised alternate weekend visitation shall continue when school is not in session and that the transfers shall take place at the offices of the Court Appointed Special Advocate on Fridays at 3:00 P.M. and Mondays at 5:00 P.M.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered August 11, 1993, is affirmed, without costs or disbursements.

The determination of the court which observed the witnesses is entitled to great respect and will not be disturbed unless it lacks a sound and substantial basis in the record. In the present case, the record indicates, inter alia, that the father wantonly and continuously disobeyed the prior orders of the Family Court and interfered with the mother's custodial rights, justifying a diminution of his visitation rights *(see, Matter of Gago v Acevedo,* 214 AD2d 565; *Maloney v Maloney,* 208 AD2d 603). However, the record lacks a substantial basis for directing that visitation should be supervised by the Court Appointed Special Advocate during the period when school is not in session. Accordingly, we have modified the order to provide for a continuation of unsupervised visitation on alternate weekends during that period.

We have examined the father's remaining contentions and find them to be either academic or without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.