■ In the Matter of PEDRO DIAZ, Respondent, v RAMONA DIAZ, Also Known as RAMONA TAVERAS, Also Known as RAMONA GROSSI, Appellant. [639 NYS2d 398] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Lubow, J.), dated January 25, 1994, which, after a hearing, awarded custody of the parties' child to the father.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to a stipulation of settlement, the parties agreed to have joint custody of their child Monique (age 10), but she was to reside exclusively with the mother. The stipulation of settlement was incorporated into, but did not merge with, the judgment of divorce dated October 25, 1989. A subsequent order of the Family Court dated March 28, 1991, entered upon a stipulation of the parties, awarded custody of Monique to the mother. The father then commenced this proceeding. The Family Court granted the petition and awarded the father custody of Monique with visitation to the mother. On appeal, the mother argues that the transfer of custody to the father was not in Monique's best interests. We disagree.

It is well settled that, in cases in which a change of custody is sought, the relief should be granted when, in the court's discretion, the totality of the circumstances indicates that to do so is in the best interests of the child (see, Domestic Relations Law §§ 70, 240; see also, Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Czumak v Guercio, 208 AD2d 724; Matter of Schimler v Schimler, 203 AD2d 580). In changing custody, the courts will often consider a number of different factors of varying degrees of importance, including the original placement of the child, the length of that placement, the child's desires, the relative fitness of the parents, the quality of the home environment, the parental guidance given to the child, the parent's financial status, and his or her ability to provide for the child's emotional and intellectual development (see, Matter of Canazon v Canazon, 215 AD2d 652; Fanelli v Fanelli, 215 AD2d 718).

No one factor is determinative of whether there should, in

the exercise of sound judicial discretion, be a change of custody (*see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-94). While no agreement can bind the court to a particular disposition, the parties' own agreement as to who should have custody is entitled to great consideration, and it should be accorded priority absent extraordinary circumstances (*see, Alanna M. v Duncan M.,* 204 AD2d 409; *Matter of Carl J. B. v Dorothy T.,* 186 AD2d 736). Notably, " '[t]his priority is afforded the first determination of custody in the belief [that] the stability this policy will assure in the child's life is in the child's best interests' " (*Alanna M. v Duncan M., supra,* at 409, quoting *Eschbach v Eschbach, supra,* at 171).

In reviewing an award of custody, an appellate court must be mindful that a custody determination is a matter entrusted to the discretion of the trial court, which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (*see, Eschbach v Eschbach, supra*). The trial court's findings are entitled to the greatest respect unless they lack a sound and substantial basis in the record (*see, Klat v Klat,* 176 AD2d 922, 923).

The trial court in this case concluded that, although the parents are equally fit, Monique's interests would best be served by awarding custody to the father. Despite the fact that the mother was awarded custody of Monique in 1991, she continuously resided with her father in Queens County for two years from July 1991 until July 1993 in accordance with the parties' implicit agreement. Moreover, Monique attended the same parochial school in Queens County from kindergarten through the second grade, when her mother moved her to Westchester County and enrolled her in a school there. In view of the totality of circumstances, the trial court properly transferred custody of Monique to the father in order to maintain stability in her life (*see, Matter of Moorehead v Moorehead,* 197 AD2d 517). There are no counterveiling circumstances that would warrant a change in the parties' implicit custodial arrangement (*cf., Zucker v Zucker,* 187 AD2d 507).

The parties' remaining contentions are without merit. Mangano, P. J., Miller, Thompson and Joy, JJ., concur.