■ In the Matter of MARY E. TABER, Appellant, v RANDY D. TAYLOR, Respondent. (And Two Other Related Proceedings.) [656 NYS2d 408] —Casey, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered November 2, 1995, which, inter alia, granted respondent's cross application, in three proceedings pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

---

By a July 1994 order, petitioner and respondent, who were never married, were awarded joint custody of their daughter, Kristina (born in 1990). Kristina primarily resided with petitioner and respondent was awarded visitation with liberal telephone contact. Alleging that respondent had sexually abused Kristina, petitioner commenced a proceeding seeking modification of the visitation aspect of the July 1994 order. Respondent thereafter commenced two proceedings alleging various violations of the July 1994 order and seeking sole custody of Kristina. After a hearing, Family Court dismissed petitioner's application and awarded respondent sole custody of Kristina, concluding, *inter alia*, that petitioner had made up the incidents of sexual abuse and had coached Kristina to repeat such allegations. Petitioner now appeals claiming that the evidence does not support the court's determination.

Initially, we find that, as the parties do not get along and are unable to discuss their daughter in a civilized fashion, a change from joint custody to sole custody was warranted here (*see, Braiman v Braiman*, 44 NY2d 584, 589-590; *Matter of Davis v Kostin*, 208 AD2d 975, 976). Having so concluded, the remaining inquiry is to which parent should sole custody be awarded (*see, Matter of Hartman v Hartman*, 214 AD2d 780, 781), keeping in mind that "the primary consideration in any custody matter is the best interest of the child" (*Matter of Brown v Skalwold*, 228 AD2d 749, 752, *lv dismissed* 89 NY2d 860; *see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94).

Examining the totality of the circumstances, including the various factors that are to be considered in a best interest analysis (*see, Young v Young*, 212 AD2d 114, 117-118; *Matter of Belden v Keyser*, 206 AD2d 610, 611), we find that Family Court's award of sole custody of the child to respondent has a sound and substantial basis in the record (*see, Matter of Beyer v Tranelli-Ashe*, 195 AD2d 972). As Family Court found, petitioner has manipulated Kristina to further her own ends by repeatedly fabricating allegations of sexual abuse, not only against respondent, but against other members of his family. Petitioner has also disparaged respondent in front of Kristina, has denied him liberal telephone access to the child, which is specifically provided for in the prior court order, and has moved with the child without advising respondent of her new address (*see, e.g., Matter of Gago v Acevedo*, 214 AD2d 565, *lv denied* 86 NY2d 706; *Matter of Betancourt v Boughton*, 204 AD2d 804, 806-807). Such acts of interference are "so inconsistent with the best interests of the child [as to] raise[ ] * * * a strong

probability that the offending party is unfit to act as a custodial parent" (*Matter of Gago v Acevedo, supra*, at 566; *see, Matter of Notley v Schmeid*, 220 AD2d 509, 510; *Matter of Carl J. B. v Dorothy T.*, 186 AD2d 736, 737).

Furthermore, the record indicates that respondent can provide a more positive environment for Kristina, which could only help her emotional development, whereas petitioner's continued course of conduct could only be detrimental to the child's well-being. Respondent is a concerned and loving parent, with a stable home environment, and an involved and loving extended family. Giving due deference to Family Court's assessment of the credibility of the witnesses (*see, Matter of Carl J. B. v Dorothy T., supra*, at 736; *Matter of Schwartz v Schwartz*, 144 AD2d 857, 859, *lv denied* 74 NY2d 604), we are satisfied that the court correctly determined that the best interest of the child will be served by awarding respondent sole custody.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.