■ VICTOR L., Appellant, v DARLENE L., Respondent. [674 NYS2d 371] —Order, Family Court, New York County (Sara Schechter, J.), entered on or about November 1, 1996, which, after a hearing, awarded respondent permanent custody of the parties' child, unanimously affirmed, without costs.

While the authority of this Court in custody matters is as broad as that of the trial courts (*see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947), when custody determinations are addressed on appeal, the findings of the trial court are treated with great respect (*Eschbach v Eschbach,* 56 NY2d 167, 173; *Leistner v Leistner,* 137 AD2d 499, 500). The trial court is best situated to assess both the witnesses' credibility and the parties' respective personalities, characters and temperaments (*Leistner v Leistner, supra*). Therefore, where the conclusion of the trial court is supported by a sound and substantial basis in the record, it will not be disturbed (*Ginsberg v Ginsberg,* 164 AD2d 906, 908, *lv dismissed* 77 NY2d 873; *Matter of Gago v Acevedo,* 214 AD2d 565, *lv denied* 86 NY2d 706).

The Family Court's determination appropriately considered the factors bearing upon the issue of custody, including evidence of a strong bond between the child and her half-siblings through respondent, and the recommendation of a psychologist retained by the child's Law Guardian who emphasized the need for continuity of the home environment where the child has thrived (*see, Eschbach v Eschbach, supra,* at 173-174). The evidence showed that the respondent mother is a competent and decent parent, attuned and attached to her child.

We take note, however, of the disturbing evidence that the respondent mother initially failed to recognize the importance of the petitioner father's role in their child's life and the potential effects of his absence. Of similar concern is the showing that respondent did nothing to encourage any of her other children to have relationships with their fathers.

The mother should be aware that a change of custody is appropriate if her conduct as custodial parent deliberately frustrates, denies, or interferes with the other parent's visitation rights (*Chapin v Chapin,* 184 AD2d 1082; *Ginsberg v Ginsberg, supra*). "Interference with the relationship between a child and a noncustodial parent by the custodial parent is an act so inconsistent with the best interests of the child that it raises, by itself, a strong probability that the offending party is unfit to act as a custodial parent" (*Matter of Gago v Acevedo, supra,* at 566; *see, Leistner v Leistner, supra,* at 500). Concur—Lerner, P. J., Sullivan, Nardelli, Rubin and Saxe, JJ.