■ JESSICA L. MILLER-PRESUTTI, Appellant, v VINCENT J. PRESUTTI, Respondent. [683 NYS2d 289] —In a matrimonial action in which the parties were divorced by a judgment entered April 17, 1996, the plaintiff mother appeals, as limited by her brief, from (1) a decision of the Supreme Court, Orange County (Kiedaisch, J.), dated January 16, 1998, and (2) an order of the same court, entered February 25, 1998, upon that decision, which, *inter alia,* granted that branch of the father's cross motion which was, in effect, to modify so much of the judgment of divorce as granted the parties joint custody of the two children of the marriage, with primary physical custody to the mother, so as to grant him sole custody of the children, and denied that branch of her cross motion which was to modify the judgment of divorce so as to grant her sole custody of the children.

Ordered that the appeal from the decision dated January 16, 1998, is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order entered February 25, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court transferred custody to the father upon its determination that the preexisting joint custody arrangement merely fostered "the endless battle between the parties" and would "only continue to fuel the mother's campaign to * * * portray the father and his family in as evil a light as possible". The court, taking into consideration, among other factors, certain aspects of the mother's past conduct, also found that the mother "is the more likely * * * to * * * misuse or abuse the status * * * which may accompany an award of primary custody". The court concluded that the best interests of the children, in particular the best interests of their future psychological health, would be served by a transfer of custody to the father. Under all of the circumstances presented, there appears to us no basis upon which to disturb the Supreme Court's carefully-considered judgment (*see generally, Matter of Coakley v Goins,* 240 AD2d 573; *Vecchiarelli v Vecchiarelli,* 238 AD2d 411; *Matter of Benjamin B.,* 234 AD2d 457; *Matter of Diaz v Diaz,* 224 AD2d 614). We note that the visitation accorded the mother under the court's order allows each party to have an equal amount of time with the children.

We have examined the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.