■ In the Matter of Ella B. Montesdeoca, Respondent, v Hector B. Montesdeoca, Appellant. (Proceeding No. 1.) In the Matter of Hector B. Montesdeoca, Appellant, v Ella B. Montesdeoca, Respondent. (Proceeding No. 2.) [832 NYS2d 83]—

In two related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Foskey, J.), dated June 24, 2005, which, after a hearing, denied his petition for custody of the parties' four minor children, granted the mother's petition for custody of the

parties' four minor children, in effect, permitted the mother to relocate with the parties' children to Florida, and ordered therapeutic visitation with the father in Florida.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, there was no basis for the court to recuse itself. Absent a ground for disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of whether recusal is warranted (*see People v Moreno*, 70 NY2d 403, 405 [1987]). Accordingly, the court providently exercised its discretion by denying the father's motion for recusal because he failed to set forth any proof of bias or prejudice on the court's behalf (*see People ex rel. Smulczeski v Smulczeski*, 18 AD3d 785, 786 [2005]; *Modica v Modica*, 15 AD3d 635, 636 [2005]; *Colella v Colella*, 11 AD3d 576 [2004]).

The essential consideration in determining custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The Family Court's custody determination "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Maloney v Maloney*, 208 AD2d 603, 603 [1994]; *see Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]). Therefore, it should not be set aside unless it lacks a sound and substantial basis in the record (*see Neuman v Neuman*, 19 AD3d 383, 384 [2005]; *Maloney v Maloney, supra* at 603). Here, the Family Court's determination to award custody to the mother, which was consistent with both the recommendation of the court-appointed psychiatrist and the position of the Law Guardian, has a sound and substantial basis in the record and will not be disturbed.

After weighing the appropriate factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727 [1996]), the court also properly found that it is in the best interests of the children to permit relocation by the mother with the children to Florida (*see Kaplan v Kaplan*, 21 AD3d 993, 995 [2005]; *Aziz v Aziz*, 8 AD3d 596, 597 [2004]; *Miller v Pipia*, 297 AD2d 362 [2002]).

The father's remaining contentions are without merit. Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.