■ In the Matter of GIA MELIKISHVILI, Respondent, v KETEVAN GRIGOLAVA, Appellant. (Proceeding No. 1.) In the Matter of KETEVAN GRIGOLAVA, Appellant, v GIA MELIKISHVILI, Respondent. (Proceeding No. 2.) In the Matter of KETEVAN GRIGOLAVA, on Behalf of GEORGE GRIGOLAVA, Appellant, v GIA MELIKISHVILI, Respondent. (Proceeding No. 3.) [857 NYS2d 621]—

In related proceedings, inter alia, for child custody pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (DePhillips, J.), dated June 30, 2006, as, after a hearing, awarded custody of the subject child to the father, found that she violated the conditions of a temporary order of protection by engaging in a course of conduct constituting harassment in the second degree warranting the issuance of a permanent order of protection against her in favor of the father and the subject child, and dismissed her family offense petition against the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The evidence established that the mother engaged in a course of conduct which intentionally interfered with the relationship between the child and the father. Such action is "so inconsistent with the best interests of the child that it raises, by itself, a strong probability that the offending party is unfit to act as a

custodial parent" (*Matter of Gago v Acevedo,* 214 AD2d 565, 566 [1995]; *see Hamersky v Hamersky,* 290 AD2d 414 [2002]; *Maloney v Maloney,* 208 AD2d 603, 603-604 [1994]; *Young v Young,* 212 AD2d 114, 115 [1995]; *Matter of Carl J.B. v Dorothy T.,* 186 AD2d 736, 737 [1992]). As such, under the circumstances of this case, the Family Court's determination awarding custody to the father has a sound and substantial basis in the record (*see Hamersky v Hamersky,* 290 AD2d 414 [2002]; *Matter of Carl J.B. v Dorothy T.,* 186 AD2d 736 [1992]).

We agree with the Family Court that the father demonstrated that the mother violated the conditions of a temporary order of protection by engaging in a course of conduct constituting harassment in the second degree, warranting the issuance of a permanent order of protection against her in favor of the father and the subject child (*see* Family Ct Act § 812 [1]; § 832; Penal Law § 240.26 [3]). The Family Court also properly dismissed the mother's family offense petition. The evidence proffered in support of the petition failed to establish that the father committed the family offense of assault against the child as charged in the petition.

The mother's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.