■ In the Matter of TAJA K. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PAMELA K., Appellant. [857 NYS2d 506]—

In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Westchester County (Duffy, J.), dated June 21, 2007, which denied her motion to relieve the court attorney referee from the assignment to this matter.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court judge was not required to relieve the court attorney referee from her assignment to this matter pursuant to Judiciary Law § 14 or the Rules Governing Judicial Conduct (22 NYCRR) § 100.3. A mere allegation of bias is insufficient to require disqualification of the court attorney referee (*see Matter of Compasso v Sheriff of Sullivan County,* 29 AD3d 1064 [2006]; *Robert Marini Bldr. v Rao,* 263 AD2d 846 [1999]). Here, the mother failed to set forth any proof that the court attorney referee was biased or prejudiced against her (*see Matter of Montesdeoca v Montesdeoca,* 38 AD3d 666 [2007]). Therefore, the Family Court providently exercised its discretion in denying the motion to relieve the court attorney referee (*see Vest v Vest,* 50 AD3d 776 [2008]; *Schreiber-Cross v State of New York,* 31 AD3d 425 [2006]). Lifson, J.P., Miller, Dillon and Eng, JJ., concur.