# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**902**
**CAF 12-01216**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF CHRISTY M. BROWN,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

RAYMOND WOLFGRAM, RESPONDENT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR RESPONDENT-APPELLANT.

PIRRELLO, MISSAL, PERSONTE & FEDER, ROCHESTER (MICHAEL J. PERSONTE OF COUNSEL), FOR PETITIONER-RESPONDENT.

WENDY S. SISSON, ATTORNEY FOR THE CHILDREN, GENESEO.

---

Appeal from an order of the Family Court, Ontario County (William F. Kocher, J.), entered May 17, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the parties' three children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, awarded petitioner mother sole custody of the parties' three children. The father contends that Family Court erred in awarding sole custody to the mother while giving him only alternate weekend visitation. We reject that contention, and conclude that the award of sole custody to the mother has a sound and substantial basis in the record (*see Matter of McLeod v McLeod*, 59 AD3d 1011, 1011). The father's contention that the Attorney for the Children failed to advocate for the childrens' position regarding custody and visitation and thus failed to provide them with effective representation is not preserved for our review (*see Matter of Alyshia M.R.*, 53 AD3d 1060, 1061, *lv denied* 11 NY3d 707) and, in any event, is without merit (*see generally Matter of Venus v Brennan*, 103 AD3d 1115, 1116-1117). Contrary to the father's further contention, the court did not abuse its discretion in allowing testimony at the hearing concerning events that predated the prior custody order. It is well settled that, in determining the best interests of the children, the court is vested with broad discretion with respect to the scope of proof to be adduced (*see Matter of Stukes v Ryan*, 289 AD2d 623, 624). Finally, also contrary to the father's contention, the delay between the conclusion of the hearing and the issuance of the court's decision, by itself, does not require reversal

(see *Matter of Brady v Brady*, 216 AD2d 660, 661; *Matter of Hartman v Hartman*, 214 AD2d 780, 782).

Entered:  September 27, 2013                        Frances E. Cafarell
                                                   Clerk of the Court