■ WILLOUGHBY REHABILITATION AND HEALTH CARE CENTER, LLC, et al., Respondents, v HELEN WEBSTER, Appellant. [20 NYS3d 617]—In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), dated April 29, 2013, which denied her motion, in effect, to recuse Court Attorney Referee Frank Schellace from hearing and determining the parties' disputes in the action and vacating all of the orders issued by him in the action.

Motion by the respondents to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated June 20, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the respondents' motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the respondents' motion is granted to the extent that the appeal from so much of the order as denied that branch of the defendant's motion which was, in effect, to recuse Court Attorney Referee Frank Schellace from hearing and determining the parties' disputes in this action is dismissed as academic, and the motion is otherwise denied; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

As Court Attorney Referee Frank Schellace (hereinafter the referee) has retired and is no longer involved in this case, the appeal from so much of the order as denied that branch of the defendant's motion which was, in effect, to recuse the referee from hearing and determining the parties' disputes in this action has been rendered academic.

The Supreme Court properly denied that branch of the defendant's motion which was, in effect, to vacate all of the orders issued by the referee. The defendant failed to set forth any proof that the referee was biased or prejudiced against her (*see Matter of Taja K.*, 51 AD3d 1027 [2008]). Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.