Edward M. Kruszczynski, Respondent, v Kathleen Charlap, Appellant.

Memorandum: The evidence supports the conclusion that respondent's conduct was contumacious and calculated to defeat or impede petitioner's visitation rights. The record indicates that the conduct of respondent interfered with visitation and was calculated to dissuade the child from visiting with petitioner (see, Wostl v Wostl, 75 AD2d 1013, appeal dismissed 52 NY2d 787).

We reject respondent's contention that the court erred in hearing evidence of contumacious acts that occurred after the filing of the petition. Respondent's attorney did not object to the receipt of this evidence, nor did he indicate that he was unprepared to meet it. Had respondent objected, the trial court, in the interest of judicial economy, could have permitted an amendment of the petition and granted a continuance to enable respondent to prepare to meet the new allegations (see, CPLR 3025 [b]). Moreover, in the absence of a showing of prejudice, a pleading may be amended to conform to the proof, even on appeal (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:15, pp 486-487; CPLR C3025:17, p 488).

Respondent's contention that she should have been given an opportunity to purge herself of the contempt is without merit. Respondent was imprisoned for her past violations of the order of visitation, not because of "an omission to perform an act or duty, which is yet in the power of the offender to perform"; hence, there is no requirement that she be "imprisoned only until [s]he has performed" the act (Judiciary Law § 774 [1]).

Concerning respondent's contention that her sentence, consisting of incarceration on weekends over a period of six months, is harsh and excessive, we decline to interfere with Family Court's discretion. Family Court has the responsibility of enforcing its orders and it is in a superior position to determine the extent of the punishment necessary to compel

future compliance. We note that the court has the option to terminate the sentence when it comes up for review three months from its commencement, should conditions at that time so warrant *(see,* Judiciary Law § 774 [2]). (Appeal from order of Erie County Family Court, Notaro, J.—violation of visitation.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.