■ In the Matter of Jutta Boedecker-Frey, Respondent, v Kim Boedecker-Frey, Appellant.—Crew III, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered April 3, 1991, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to find

respondent in violation of a previous order concerning visitation of the parties' child.

Following protracted negotiations, the parties entered into an agreement regarding custody of their daughter, Sarah. That agreement, which was embodied in a Family Court order entered in August 1989, provided in pertinent part that respondent "shall * * * have a custodial period with the child each Monday upon her completion of school" and, further, "[d]uring the school season, the parties shall alternate weekend custodial periods with the child so that *on [respondent's] weekends he shall pick up the child from school [on] Friday* and have an uninterrupted custodial period with the child until Tuesday when he shall return the child to school" (emphasis supplied).

Respondent apparently abided by the terms of Family Court's order until October 1990 when, on petitioner's custodial weekends, he began removing Sarah from day care on Friday afternoons and visiting with the child before petitioner's arrival from work. These visits usually lasted for approximately one hour. Although petitioner voiced objection to this practice respondent persisted, thereby prompting petitioner to file a violation petition in Family Court. During the course of the hearing that followed, respondent admitted that he removed Sarah from day care without petitioner's consent but contended that Family Court's order was flexible enough to allow him to do so. Family Court found that under the express terms of the parties' agreement, respondent had no right to remove Sarah from day care on petitioner's custodial weekends. This appeal by respondent followed.*

We affirm. The agreement entered into by the parties is an enforceable contract subject to the principles of contract construction and interpretation. "Where the contract is clear and unambiguous on its face, the court[ ] must determine the intent of the parties from within the four corners of the instrument" *(Matter of Meccico v Meccico,* 76 NY2d 822, 824). Contrary to respondent's assertions, we perceive no ambiguity in the agreement regarding the scope of his custodial periods with his daughter. Under the express terms of paragraph two of the agreement, respondent is only allowed to pick up Sarah on Friday afternoons during *his* custodial weekends. Respon-

---

* By order entered May 3, 1991, petitioner was awarded counsel fees in connection with this proceeding. Although respondent has briefed that issue on this appeal, no appeal has been taken from the May 1991 order and, hence, that issue is not now before us.

dent's reliance upon other general custody provisions embodied in the agreement and order is misplaced. The "right of first refusal" clause, which operates in the event either parent is unable to exercise his or her custodial period, relates only to certain enumerated holidays and school vacations and, in any event, requires prior written consent of the parties. Moreover, although the agreement further provides for, *inter alia,* "free access and unhampered contact" between Sarah and the parties, it also clearly states that "[a]ll times and periods of possession shall be construed to be of the essence", and while it is regrettable that petitioner would take umbrage in the fact that respondent is attempting to further his relationship with his daughter at no apparent inconvenience to petitioner, she has the legal right to enforce the terms of the parties' agreement.

Finally, we reject respondent's contention that he did not willfully violate Family Court's order. Credibility determinations and the weight to be accorded the evidence presented are primarily determinations to be made by the trier of fact *(Matter of Murdock v Murdock,* 183 AD2d 769). Here, respondent not only admitted that he removed Sarah from day care on petitioner's custodial weekends without petitioner's consent but, further, persisted in doing so even after petitioner objected to the practice, the violation petition was filed and respondent was warned by Family Court that he was "acting at his peril". Accordingly, we see no reason to disturb Family Court's determination in this regard.

We have examined respondent's remaining contentions and find them to be without merit. As for petitioner's request for sanctions, we cannot say on this record that respondent's conduct in bringing this appeal is "frivolous" within the meaning of 22 NYCRR 130-1.1 (c) (1) or (2). Accordingly, petitioner's request for sanctions is denied.

Mikoll, J. P., Yesawich Jr., Levine and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.