■ In the Matter of RICHARD P. WRIGHT, Respondent-Appellant, v ELIZABETH WRIGHT, Appellant-Respondent. [613 NYS2d 949] —Mikoll, J. Cross appeals from an amended order of the Family Court of St. Lawrence County (Nelson, J.), entered December 10, 1992, which, inter alia, in a proceeding pursuant to Family Court Act article 6, granted petitioner's application to hold respondent in violation of an order of visitation.

Petitioner filed an order to show cause on December 12, 1991 in Family Court alleging that respondent had willfully violated a prior Family Court order entered December 6, 1990 by denying him visitation rights with their daughter, Stacie, born in 1982, and willfully failed to disclose her residence telephone number to him. Respondent appeared in response to the show cause order on the return date, December 19, 1991, without an attorney. Upon inquiry by the court she requested that an attorney be appointed to represent her. However, petitioner sought some temporary relief as to visitation and the court asked respondent if she would answer some questions instructing her that if she thought that she could not answer them without first talking to a lawyer she could refuse to answer. Further colloquy occurred and Family Court issued a temporary order of protection concerning visitation and respondent's message phone number pending the next court appearance in the matter scheduled for January 27, 1992.

In April 1992 a fact-finding hearing was commenced. At petitioner's request and without objection from respondent's

counsel, Family Court took judicial notice of the parties' December 19, 1991 appearance in Family Court. The parties and witnesses were heard. Testimony was taken from respondent's babysitter friend who testified concerning respondent's telephone availability and number and the fact that she has served as respondent's message number since Christmas 1991. Petitioner testified that following November 1991 he no longer had a telephone number for respondent's residence and did not receive a "message phone" number belonging to her babysitter until the December 19, 1991 court appearance. He also said that the babysitter's number has not been available as a message phone since April 1992 and that he had no visits with the child from December 2, 1991 through December 20, 1991.

Respondent admitted that in November 1991 she had her telephone disconnected and obtained a new number in her paramour's name. She also stated that the unlisted number had been changed on more than one occasion. She admitted that petitioner had requested visitation on December 2 and 3, 1991 which she refused to allow. Additionally, she said that she did not give petitioner her babysitter's number until December 1, 1991 and that the babysitter did not have respondent's phone number until December 1, 1991 because respondent does not give her number out.

The proceedings continued on various dates and concluded on September 10, 1992 with the decision of Family Court. The Law Guardian advised that he was unsure that respondent's violations were willful. Family Court concluded that respondent willfully denied petitioner visitation on December 2 and 3, 1991 based on, *inter alia,* respondent's attitude in Family Court "expressed" at the initial December 19, 1991 appearance and at times during her hearing testimony. The court also found that respondent willfully violated the 1990 order by failing to provide a telephone number.

Petitioner's request that respondent pay one half of his counsel fees was opposed by respondent and the Law Guardian and denied in an amended order. Respondent was directed to, *inter alia,* perform eight weekends of community service.

Initially, we note that respondent's contention that Family Court erred in granting petitioner's motion to take judicial notice of its proceedings on December 19, 1991, which included respondent's testimony given without counsel, was waived by the failure of her counsel to object to the motion *(see, Gunzburg v Gunzburg,* 152 AD2d 537, 538; *Schoonmaker v*

*State of New York,* 94 AD2d 741). Moreover, we find no merit to respondent's claim of error in this respect. Family Court complied with the notice of right to counsel requirements of Family Court Act § 262 and further specifically informed respondent that she could refuse to answer the questions if she felt she needed to speak with counsel first. There is no evidence that the court acted in an intimidating manner and, thus, *Matter of Patricia L. v Steven L.* (119 AD2d 221) cited by respondent's counsel, is distinguishable from the facts of this case.

Respondent's contention that Family Court abused its discretion in finding her in civil contempt for willful violations of the 1990 order regarding visitation, because the order was not clear and explicit and without ambiguity, is rejected. Petitioner gave respondent notice of his days off as required by the 1990 order. The order was clear and explicit and respondent offered no credible excuse for her noncompliance *(see, Matter of Nelson v Nelson,* 194 AD2d 828, 830; *see also, Matter of Frandsen v Frandsen,* 190 AD2d 975, 976; *Matter of Perazone v Perazone,* 188 AD2d 750). Respondent does not assert that she did not understand the 1990 order or the agreement which the order incorporated. Ample evidence of respondent's violation of the order supported Family Court's findings and deference should be given thereto *(see, Matter of Boedecker-Frey v Boedecker-Frey,* 186 AD2d 883, *lv dismissed* 81 NY2d 834). Respondent admitted that she refused to allow visitation on December 2 and 3, 1991. Her statement that she did not give her phone number to people gives rise to a strong inference that she had a telephone during the period in dispute. Her work phone was not a sufficient message number as it did not cover her nonworking hours. Petitioner admittedly was not furnished the babysitter's number until December 1, 1991. Although the phone at respondent's residence was not in her name but in her paramour's name, she had access to its use and had its number changed. Thus, Family Court could well consider it as her phone for purposes of the 1990 order.

Respondent's claim that Family Court abused its discretion in precluding admission of a letter, which she alleged evidenced a verbal agreement between the parties suspending the 1990 order, because the letter was not on the exhibit list is without merit. The parties were timely informed that evidence not on the exhibit list would be precluded. Further, the court could properly conclude that petitioner would have been prejudiced by its admission as he would not have had time to

prepare a response to it *(see, Matter of F. B. Children [John M.],* 161 AD2d 459, 462).

Respondent's arguments that the penalty requiring her to perform certain community service for eight weekends was unduly harsh is rejected *(see, Fuerst v Fuerst,* 131 AD2d 426, 427). Aside from the fact that petitioner claims in his brief that respondent has already performed the service rendering the issue moot *(Ward v Ward,* 71 AD2d 854), deference should be given to Family Court because it was in a superior position to decide the extent of the punishment required to enforce its orders *(see, Kruszczynski v Charlap,* 124 AD2d 1073, 1073-1074).

Finally, petitioner's claim that Family Court improperly denied his request for counsel fees lacks merit. There has been no showing that Family Court abused its discretion in this respect *(see, Graham v Graham,* 175 AD2d 540; *cf., Matter of Nelson v Nelson,* 194 AD2d 828, 832, *supra).*

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the amended order is affirmed, without costs.