■ In the Matter of MARY HESS, Appellant, v BRYAN HESS, Respondent. [674 NYS2d 128] —Peters, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered September 15, 1995, which, *inter alia*, granted respondent's applications, in a proceeding pursuant to Family Court Act article 6, to hold petitioner in contempt of court.

In September 1992, by agreement of the parties, Family Court granted, *inter alia*, sole custody of their daughter Ashley to petitioner and temporary supervised visitation for one hour every other week to respondent. In May 1994, Family Court modified the order by removing the restriction of supervised visitation.

In February 1995, respondent sought a modification of the custodial order, contending that petitioner's physical illness rendered her incapable of caring for the child. A temporary order was thereafter issued in March 1995 confirming custody of the child to petitioner and awarding respondent weekly visitation.[1] In April 1995, due to difficulties encountered during visitation transfers, Family Court temporarily ordered that such role be assumed by the paternal aunt and/or uncle, Lucy Sefca and Milan Sefca.

In June 1995, petitioner sought an order of protection against Lucy Sefca alleging that she threatened petitioner and her children by telling the child, during the course of a visit, that she was going to come to petitioner's house and "shoot everyone except [Ashley]". Pending a hearing, Family Court issued a temporary order of protection against Sefca, prohibiting physical molestation of petitioner and the children. Prior to the hearing, petitioner sought a modification of visitation due to the child's medical and emotional state allegedly caused by this threat.

---

1. It further precluded either party from removing the child from the State for residential purposes without court order.

On June 16, 1995, respondent filed a violation petition[2] alleging that petitioner failed to obey the March 1995 order when she had twice refused him visitation without cause. By order to show cause dated June 20, 1995, Family Court ordered that if petitioner failed to comply with the order allowing for weekly visitation, respondent would be granted sole custody pending a hearing on the issue.

After a hearing, and upon stipulation of the parties, Family Court ordered, *inter alia*, joint legal custody of the child with physical custody to petitioner. Further, it continued the temporary weekly visitation order and provided that visitation privileges could be adjusted in accordance with the findings of a subsequent psychological evaluation. The order, dated July 24, 1995, was believed to resolve all outstanding custody and modification petitions.

Prior to the issuance of the order, petitioner formally alleged that Sefca violated the temporary order of protection by her sexual abuse of the child. She further filed a family offense petition contending that respondent recklessly endangered the child by allowing Sefca to take her to a restroom where the abuse purportedly took place. Respondent then filed yet another violation petition, alleging that he was denied visitation for three consecutive weeks. Petitioner contended that she refused visitation because the incident with Sefca caused the child physical and psychological illness requiring medication for depression.

By order to show cause dated July 25, 1995, Family Court once again cautioned that custody of the child would be granted to respondent, pending a hearing, should petitioner continue to flout the court's weekly visitation order. After respondent filed a third violation petition so alleging, by order dated July 31, 1995 temporary sole custody was granted to respondent, pending a further hearing. Although petitioner was directed to immediately deliver the child to respondent, she refused.

On August 30, 1995, a hearing was commenced to review all outstanding petitions. The transcript of the hearing reveals that the primary purpose thereof was to determine whether petitioner should be held in contempt of court for flouting Family Court's orders. Based upon the testimony adduced, Family Court granted custody of the child to respondent, dismissed petitioner's modification petition as moot, found her in contempt and sentenced her to 90 days in the County Jail. Petitioner appeals.

---

2. In May 1995, respondent filed the first violation petition alleging that petitioner refused him visitation because the child had an upper respiratory infection.

Petitioner contends that the modification of the prior order of custody was not the result of a determination that a transfer of custody would be in the best interest of the child, but was rather a punishment for her repeated violation of court-ordered visitation. We agree. While willful interference with a noncustodial parent's right to visitation "has been said to be 'an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent'" (*Daghir v Daghir*, 82 AD2d 191, 194, *affd* 56 NY2d 938, quoting *Entwistle v Entwistle*, 61 AD2d 380, 384-385, *appeal dismissed* 44 NY2d 851), we must nonetheless reverse so much of the order which awarded custody of the child to respondent. While "a party's prior misconduct or 'bad act' may be considered if that conduct impacts upon the best interests of the children" (*Matter of Graci v Graci*, 187 AD2d 970, 972), the issuance of a final order terminating joint custody as a punishment to the "'recalcitrant parent'" (*id.*, at 972, quoting *Lenczycki v Lenczycki*, 152 AD2d 621, 623), without a full and plenary hearing on this issue, was error (*see, Matter of Noel v Derrick*, 71 AD2d 704; *see also, Obey v Degling*, 37 NY2d 768).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted custody of the child to respondent; respondent is awarded temporary custody and matter remitted to the Family Court of Broome County for a hearing as to the best interest of this child; and, as so modified, affirmed.

