In the Matter of STORMIE GLENN, Respondent, v GEOFFREY GLENN, Appellant. (And Another Related Proceeding.) [692 NYS2d 520] —Mikoll, J. P. Appeals (1) from an order of the Family Court of Saratoga County (Hall, J.), entered July 10, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, finding respondent in willful violation of a prior court order and committing respondent to jail for a term of six months, and (2) from an order of said court, entered August 20, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody/visitation order.

In June 1996, respondent was awarded custody of the parties' two children following a trial. In that order, Family Court recited that it felt "bound" to grant custody to respondent despite its detailed findings of fact relating to his problems with alcohol, propensity for violence, and history of interfering with petitioner's custodial and visitation rights, because petitioner did not produce an expert to refute the court-ordered psychological evaluations and resulting recommendations. Petitioner was awarded liberal visitation including, *inter alia*, Tuesdays, alternate weekends and four weeks in the summer. Two months later, without notifying petitioner, respondent relocated to South Carolina with the children. Respondent thereafter supplied petitioner with their address and telephone number, and she had telephone and written communication with the children until September 1997, when contact ceased.

In December 1997, petitioner filed a petition alleging that respondent violated the custody order by denying her visitation and telephone contact with the children. She also petitioned to modify custody. Following a trial, Family Court found respondent in "offensive violation" of the visitation order and

sentenced him to six months in jail. In view of respondent's imminent incarceration, the court granted petitioner's modification petition and transferred custody to her. Respondent appeals from both orders.*

We reject respondent's argument that Family Court's contempt finding was procedurally infirm. Family Court Act § 156 authorizes the imposition of contempt sanctions in accordance with the provisions of the Judiciary Law. A contempt application must bear a notice that the "purpose of the hearing is to punish the accused for a contempt of court", and a warning that failure to appear may result in immediate arrest and imprisonment (Judiciary Law § 756). These protections are waived, however, where, as here, respondent appears and defends on the merits, without raising any objection to the fact that the violation petition did not contain the requisite notice and warning (*see, Matter of Keator v Keator*, 211 AD2d 987).

His present claims to the contrary notwithstanding, respondent was clearly aware that the nature of the proceeding was his claimed violation of the prior court order of visitation. Although respondent's own testimony at trial was limited to asserting his 5th Amendment right against self-incrimination, he defended the petition on the merits through cross-examination of petitioner, eliciting proof that, *inter alia*, the custody order did not prohibit respondent from removing the children from the State, petitioner had acquiesced in the children's removal by failing to commence any violation proceeding for 15 months and petitioner could have visited the children in South Carolina.

Respondent next argues that Family Court's imposition of a six-month period of incarceration was excessive. We have previously observed that "deference should be given to Family Court because it was in a superior position to decide the extent of the punishment required to enforce its orders" (*Matter of Wright v Wright*, 205 AD2d 889, 892). Our review of the record does not compel us to disturb Family Court's discretionary determination of the appropriate sanction. The evidence supports Family Court's conclusion that respondent, within two months of its issuance, and with full knowledge of petitioner's rights thereunder, willfully disobeyed the order of custody/visitation, thereby depriving petitioner and the children of visitation from September 1996 until January 1998.

Finally, respondent argues that Family Court erred in

---

* Respondent sought and received from this Court an order staying the July 10, 1998 order of commitment.

modifying custody without conducting an evidentiary hearing or making any findings, and, as such, the custody modification was punitive. We disagree. No hearing is required when the court is possessed of sufficient information with which to make a comprehensive, independent review of the best interests of the children (*see, Matter of Davies v Davies,* 223 AD2d 884, 886; *Matter of Oliver S. v Chemung County Dept. of Social Servs.,* 162 AD2d 820). Moreover, willful interference with a noncustodial parent's right to visitation is "so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as a custodial parent" (*Entwistle v Entwistle,* 61 AD2d 380, 384-385, *appeal dismissed* 44 NY2d 851; *see, Matter of Hess v Hess,* 243 AD2d 763, 765; *Daghir v Daghir,* 82 AD2d 191, 194, *affd* 56 NY2d 938).

Beyond the practical considerations attendant to Family Court's direction that respondent begin serving his sentence immediately, the court possessed sufficient information upon which to independently evaluate and accommodate the best interests of the children. In addition to the evidence adduced at the violation hearing, the court had the detailed findings of fact contained in the prior custody order. The order modifying custody was made without prejudice to respondent's right to petition for modification at an appropriate time and, notably, while petitioner successfully sought a stay of the order imposing the sentence of incarceration, he did not seek a similar stay of the custody order.

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.