■ In the Matter of DANIEL S. JOHNSON, Respondent, v JAN- ICE WEBB, Appellant. [740 NYS2d 892] —Carpinello, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered November 8, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to find respondent in violation of prior orders of custody and visitation.

The parties are the joint custodial parents of a daughter born in January 1990. Pursuant to a May 24, 1999 order entered upon consent, petitioner is entitled to visitation with the child, as relevant to this proceeding, on alternate weekends. On December 1, 1999, the parties were also apparently ordered to attend mediation to address outstanding visitation and sup- port issues.[1] Petitioner subsequently filed a violation petition contending that respondent denied him visitation and failed to attend the ordered mediation. Following a fact-finding hearing, Family Court determined, inter alia, that respondent violated the prior orders by denying petitioner access to the child on three occasions and by failing to attend three mediation sessions. As a remedy, the court granted petitioner an ad- ditional five days of visitation. Respondent appeals.

The testimony adduced at the fact-finding hearing from the parties and petitioner's wife supports Family Court's determi- nation that respondent violated the subject orders by denying petitioner access to the child on two occasions, namely, the weekends of August 27, 1999 and December 17, 1999, and by failing to attend the three scheduled mediation sessions in January 2000, February 2000 and March 2000 (*see, Matter of Beers v Beers*, 220 AD2d 839, 841; *see also, Matter of Wright v Larose*, 271 AD2d 615, 616; *Matter of Vanderhoff v Vanderhoff*, 207 AD2d 494, 495).[2] Notably, respondent candidly admitted

---

1. Although no written order is contained in the record concerning media- tion, respondent does not dispute that she was ordered to attend same by Family Court nor does she contend that the subject order was unclear (*compare, Matter of Wright v Wright*, 205 AD2d 889, 891).

2. We are unable to agree with Family Court's finding that respondent violated the visitation order by failing to make the child available to petitioner for the weekend of February 12, 2000. The record reveals that

that she was not home at the scheduled pick up time for the December 17, 1999 visitation and that she either arrived late or did not show up at all for the subject mediation sessions (*see, Matter of Betancourt v Boughton*, 204 AD2d 804, 809). While she denied that petitioner was entitled to visitation for the weekend of August 27, 1999 and provided excuses for her failed attempts to attend mediation, Family Court was free to reject her testimony, a credibility determination which is entitled to great weight by this Court (*see, Matter of Beers v Beers, supra; Matter of Wright v Wright*, 205 AD2d 889, 891).

We have reviewed respondent's extensive pro se appellate arguments and find that none warrants reversal of Family Court's order finding her in violation of the subject orders.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

when petitioner arrived at respondent's home to pick up the child, petitioner was arrested by local police on a warrant for nonpayment of child support. He was apparently immediately released from custody "without charges." There is no evidence in the record, however, that respondent was the driving force behind any unfounded charges resulting in the arrest nor is there evidence that petitioner, upon his release, made another attempt to pick up his daughter but was thwarted by respondent. Under these circumstances, we are unable to conclude that any conduct on respondent's part resulted in the denial of visitation.