■ In the Matter of SHERMAN TERRY, Respondent, v DENISE BORGGREEN, Respondent. JOSEPH NALLI, as Law Guardian, Appellant. (And Five Other Related Proceedings.) [775 NYS2d 438]—

Crew III, J.P. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered June 11, 2003, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent are the biological parents of a child,

born in 1991. By order entered November 6, 2000, respondent was awarded custody of the child and petitioner was granted visitation on alternate weekends. Thereafter, in November 2002, petitioner commenced the instant proceeding seeking custody of the child based upon respondent's allegedly persistent interference with his visitation rights. A series of violation petitions ensued, including, insofar as is relevant to this appeal, one brought by respondent alleging that petitioner violated the terms of the November 2000 order by smoking in the child's presence. Following a hearing, at which the parties appeared and testified, Family Court found that petitioner, by his own admission, violated the terms of the November 2000 order by smoking in the child's presence and dismissed the balance of the parties' various petitions. Based upon concerns raised during the course of the hearing, Family Court also ordered the Department of Social Services to open a preventative services file and provide homemaker and parent aid services to respondent. The Law Guardian, apparently contending that the underlying order is not in the child's best interest, appeals.

We affirm. During the course of the hearing, petitioner raised an issue regarding the child's personal hygiene, contending that the child, who allegedly told petitioner that she bathed only two or three times per week, had a strong body odor and frequently arrived for visitations dirty and unkempt. Based upon such testimony, Family Court directed that preventative services be provided to respondent and the child. Simply stated, we fail to perceive how the provision of such services constitutes an abuse of discretion on the part of Family Court and/or is not in the child's overall best interest (*see generally Matter of Munson v Lippman*, 2 AD3d 1252, 1253 [2003] [Family Court's findings accorded deference if supported by a sound and substantial basis in the record]).

We reach a similar conclusion with regard to Family Court's disposition of respondent's violation petition. Upon concluding that petitioner indeed violated the prior custody order by smoking in the child's presence, Family Court reiterated the risk that such activity posed to the child and admonished petitioner to discontinue this practice. Although the Law Guardian now criticizes Family Court for not imposing a more severe sanction, the case law makes clear that Family Court is vested with the discretion to ascertain " 'the extent of the punishment required to enforce its orders' " (*Matter of Glenn v Glenn*, 262 AD2d 885, 886 [1999], *lv dismissed and denied* 94 NY2d 782 [1999], quoting *Matter of Wright v Wright*, 205 AD2d 889, 892 [1994]). Based upon our review of the record as a whole, we see no reason to

disturb Family Court's discretionary determination as to the appropriate sanction for petitioner's conduct. Accordingly, Family Court's order is in all respects affirmed.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.