In the Matter of JOSEPH D. TROTTI, SR., Appellant, v BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [796 NYS2d 458]—

Spain, J. Appeal from an order of the Family Court of Broome

County (Connerton, J.), entered September 1, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

Petitioner sought to modify a prior order of visitation which, apparently,* afforded him limited visitation with his granddaughter, who was in foster care under a permanency plan for adoption. Family Court dismissed the petition without a hearing, prompting this appeal.

Under settled law, a visitation order may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" to serve the child's best interests (Family Ct Act § 467 [b] [ii]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]). While recognizing that a different standard may be appropriate (*see Matter of Wilson v McGlinchey*, 305 AD2d 879, 881 [2003], *affd* 2 NY3d 375, 381 n 3 [2004]), but without deciding the issue, we apply the "change of circumstances" standard to petitioner's request as a grandparent to modify an order of visitation relating to his grandchild. Here, petitioner's conclusory allegations, including his improved health and the apparent pending adoption of the child, are insufficient to warrant a hearing on his application to modify the current order of visitation. Accordingly, the petition was properly dismissed without a hearing (*see Matter of Ritchie v Waters*, 1 AD3d 839, 839-840 [2003]; *Matter of Lowe v Crawford*, 265 AD2d 621, 622 [1999]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The prior order of visitation is not in the record on appeal.