■ In the Matter of MICHAEL A.C., JR., Respondent, v KARI LYNN C., Appellant. [821 NYS2d 710]—

Appeal from an order of the Family Court, Oneida County (Bernadette T. Romano, J.), entered August 2, 2005 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged respondent in willful violation of a prior order of visitation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding alleging that respondent had interfered with his visitation rights. Fol-

lowing a hearing, Family Court determined that respondent had willfully violated a prior order of visitation and imposed a jail term of three days, although the court suspended that sentence. Contrary to respondent's contention, the determination that respondent willfully violated the prior order has "a sound and substantial basis in the record" (*Matter of Stuttard v Stuttard*, 2 AD3d 1415, 1416 [2003]; *see Matter of Glenn v Glenn*, 262 AD2d 885, 886 [1999], *lv dismissed in part and denied in part* 94 NY2d 782 [1999]; *Matter of Wright v Wright*, 205 AD2d 889, 891 [1994]). Indeed, respondent admitted to the allegation that, on February 18 and 25, 2005, she interfered with the exercise of petitioner's right of visitation (*see Wright*, 205 AD2d at 891). Respondent testified at the hearing on the amended petition that she had informed petitioner in telephone conversations on those dates that she would not open the door to him when he arrived to pick up the children for visitation until he had complied with an order of discovery issued in a pending support matter. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.