■ In the Matter of JAMES R. MORAN, JR., Respondent, v KARA M. CAVANAUGH, Appellant. (And Another Related Proceeding.) [834 NYS2d 550]—

Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered November 16, 2005, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior order of custody and visitation.

The parties are the parents of one child, born in 2001. In an order entered July 15, 2005 upon the parties' stipulation, Family Court granted custody of the child to respondent (hereinafter the mother) and, among other provisions, awarded petitioner (hereinafter the father) supervised visitation a minimum of two hours on Saturdays or as agreed. The order further provided that upon the restoration of the father's New York driving privileges, he "shall have visitation each weekend on Saturday or Sunday, as the parties may agree, from 1:00 P.M. until 5:00 P.M." The father commenced this violation petition on August 31, 2005 alleging that the mother had willfully violated the order by refusing to allow him any visitation. The mother thereafter filed a modification petition seeking to require that visitations be supervised based upon the then almost four-year-old child's lack of contact with his father since the entry of the visitation order. After a hearing in October 2005, Family Court determined that the mother had willfully violated the visitation order and was in contempt of court, sentenced her to 10 days in jail and dismissed her modification petition. Shortly thereafter, the court suspended the sentence on the condition that she not further violate the visitation order. The mother appeals, and we affirm.

Initially, the record fully supports Family Court's conclusion that respondent was in contempt, having willfully violated the visitation order, " 'a lawful court order clearly expressing an unequivocal mandate [which] was in effect and . . . [she] had actual knowledge of its terms' " (*Kaczor v Kaczor*, 12 AD3d 956, 957 [2004], quoting *Graham v Graham*, 152 AD2d 653, 654 [1989]). Respondent's contention that the order was equivocal on the issue of whether visitation was required to be supervised once petitioner regained his driving privileges is belied by her testimony, her behavior leading up to the violation petition and the clear terms of the order, which only required supervision during his initial two-hour Saturday visits and not once his driving privileges were restored, at which time his visitations expanded to four hours per weekend (*see Labanowski v Labanowski*, 4 AD3d 690, 694 [2004]). Indeed, the mother's

testimony demonstrates her understanding at all times of the foregoing, as did her insistent efforts nonetheless to exact the father's consent to supervision.

With regard to Family Court's determination that the mother's violation of the order had been willful, we defer to the court's assessment of the mother's credibility (*see Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]; *Matter of Johnson v Webb*, 294 AD2d 623, 624 [2002], *lv denied* 98 NY2d 693 [2002]) and find adequate record support for its conclusion. The testimony established that prior to the July 2005 order, the father saw the child weekly under a voluntary arrangement in which the mother was present. After the order was entered, the mother canceled a prearranged two-hour visit at the maternal grandfather's home representing that the child was sick and would not be there, although the father observed them playing outside later that afternoon. The father regained his driving privileges and left weekly phone messages, all of which went unanswered, over the next two months in an effort to exercise his right to visitation, necessitating his filing the violation petition. Even after the preliminary appearance on that petition at which Family Court reminded the mother that she was expected to comply with the order, she continued to insist upon supervised visitation; when the father arrived an hour early the following Sunday for visitation and left a note, the mother—despite arriving home in time for the visitation—failed to contact him. As such, the court's determination that the mother "had no intentions of giving [the father] visitation," and finding her to be in civil contempt, will not be disturbed.

Finally, we find no error with Family Court's dismissal of the mother's modification petition seeking supervised visitation. The court found that the only change of circumstance alleged since the issuance of the order—that the child had not seen his father in over two months—was solely her doing and that she had not demonstrated the child's need for supervised visitation. Thus, no justification for modification was established (*see* Family Ct Act § 467 [b] [ii]; *Matter of Trotti v Broome County Dept. of Social Servs.*, 19 AD3d 782, 783 [2005]; *cf. Matter of Roe v Roe*, 33 AD3d 1152, 1155 [2006]).

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.