■ In the Matter of Rickey Sherman, Appellant, v Stephany Cook, Respondent. (And Two Other Related Proceedings.) [933 NYS2d 916]—

McCarthy, J.

Supreme Court had discretion as to what sanction to impose, if any, for the mother's two willful violations, and we give deference to its determination in that regard (*see Matter of Glenn v Glenn*, 262 AD2d 885, 886 [1999], *lv dismissed and denied* 94 NY2d 782 [1999]; *Matter of Wright v Wright*, 205 AD2d 889, 892 [1994]). Based upon the court's ability to observe the witnesses and assess their demeanor, as well as the court's history with this family, we cannot say that the court abused its discretion in declining to impose any punishment here (*compare Matter of Terry v Borggreen*, 6 AD3d 1001, 1002-1003 [2004]).

On the third violation petition, Supreme Court found that the mother did prevent the father from exercising visitation on the one date alleged, but that she did so because she heard a dog barking in the father's apartment and both parents were aware that the child is allergic to dogs. The court accepted the mother's testimony addressing this occasion and her concern for the child's health. According deference to the court's credibility determinations, we cannot say that the court abused its discretion in holding that the father failed to meet his burden of proving a willful violation by clear and convincing evidence (*see Matter of Cobane v Cobane*, 57 AD3d 1320, 1322-1323 [2008], *lv denied* 12 NY3d 706 [2009]; *Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 983 [2003]; *see also Dwyer v De La Torre*, 279 AD2d 854, 857 [2001]).

Rose, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.