Matter of Woodson v Woodson (2018 NY Slip Op 05321)





Matter of Woodson v Woodson


2018 NY Slip Op 05321


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-00431
2017-00442
 (Docket Nos. V-21735-08/09B/10C, V-21736-08/09B/10C, V-7859-10, V-7860-10)

[*1]In the Matter of Kenneth H. Woodson, respondent,
v
Ivellisse Woodson, appellant. (Proceeding No. 1)
In the Matter of Ivellisse Woodson, appellant,Kenneth H. Woodson, respondent. (Proceeding No. 2)


Ronna Gordon-Galchus, Fresh Meadows, NY, for appellant.
Crystal L. Screen, Jamaica, NY, for respondent.
Eric Perlmutter, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Queens County (Stephen J. Bogacz, J.), both dated December 13, 2016. The first order, insofar as appealed from, after a hearing, granted the father's amended petition for sole custody of the parties' children. The second order, insofar as appealed from, upon a finding that the father violated a temporary order of parental access dated December 21, 2009, failed to impose a sanction against him.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The father and the mother are the parents of two children. In 2008, the father commenced a proceeding seeking sole custody of the children. Thereafter, the mother filed a petition alleging that the father violated a temporary order of parental access dated December 21, 2009. After [*2]a lengthy hearing, which took place over more than four years, the Family Court awarded the father sole custody of the children, awarded the mother supervised parental access with the children, and, upon finding that the father violated the temporary order of parental access dated December 21, 2009, declined to impose a sanction against him. The mother appeals.
In making a custody determination, the paramount concern is the best interests of the children, considered under the totality of the circumstances (see Matter of James M. v Kevin M., 99 AD3d 911, 912-913). "Where, as here, a complete evidentiary hearing has been held on the issue of custody, any determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. The credibility findings of the Family Court will be accorded great weight and its determinations regarding custody and visitation will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Felty v Felty, 108 AD3d 705, 707 [citations omitted]). Here, we acknowledge that the father's negative attitude toward the mother is disconcerting, as children should generally be encouraged to have a relationship with both parents. Despite the father's shortcoming in this regard, the totality of the circumstances supports the finding that it would be in the children's best interests for the father to have sole custody.
Any error in failing to set forth the facts in the order awarding the father custody does not constitute grounds for reversal or modification, since the record contains a sound and substantial basis for the Family Court's determination and is sufficient for this Court to conduct an independent review of the evidence (see Matter of Thomas v Wong, 127 AD3d 769, 770).
Finally, the Family Court had discretion as to what sanction to impose, if any, for the father's violation of the temporary order of parental access (see Matter of Terry v Borggreen, 6 AD3d 1001, 1002-1003). The father failed to drop off the children for a scheduled visit with the mother on December 25, 2009, after informing her that he and the children were vacationing at the paternal grandmother's house in Long Island. Based, inter alia, upon the court's history with the parties, and its ability to observe the witnesses and assess their demeanor, we decline to disturb the court's determination not to impose a sanction (see Matter of Sherman v Cook, 90 AD3d 1170, 1171).
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court