Matter of Quick v Brown (2019 NY Slip Op 07786)





Matter of Quick v Brown


2019 NY Slip Op 07786


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-11808
 (Docket No. V-5337-14)

[*1]In the Matter of Sean Arthur Quick, appellant,
v
Amanda Marie Brown, respondent.


Del Atwell, East Hampton, NY, for appellant.
Kelley M. Enderley, Poughkeepsie, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated August 3, 2018. The order, insofar as appealed from, upon finding that the mother violated provisions of an order of custody and parental access entered on the parties' consent, allowed the father to claim the parties' child as a dependent on his tax returns for the 2018 tax year and every even-numbered year thereafter.
ORDERED that the order dated August 3, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child in common, a daughter born in 2013. On April 24, 2015, the Family Court entered an order of custody and parental access on the parties' consent (hereinafter the custody agreement). As is relevant to this appeal, the custody agreement provided that "the parties shall alternate the tax deductions for the child unless they shall otherwise agree." On February 15, 2018, the father filed a petition alleging that the mother had violated the custody agreement in that she claimed the subject child as a dependent for a tax deduction in consecutive years: 2016 and 2017. After a hearing, the court issued an order finding that the mother violated the custody agreement by preventing the father from taking a tax deduction for the child in 2017. The court directed the father to claim the child as a dependent for the 2018 tax year and every even-numbered year thereafter. The father appeals, arguing that the court's remedy was inequitable.
The Family Court has broad discretion in fashioning a remedy in matters of custody and parental access, including the sanction or remedy imposed in response to a violation of a court order such as the custody agreement (see Matter of Woodson v Woodson, 163 AD3d 833, 834; Matter of Terry v Borggreen, 6 AD3d 1001, 1002). Contrary to the father's contention, the court's determination that he was to claim the child for the 2018 tax year and every even-numbered year thereafter, upon its finding that the mother violated the provision of the custody agreement by preventing him from claiming the child as a dependent for the 2017 tax year, was not an improvident exercise of discretion. Based upon our review of the record, and taking into account the court's ability to observe the witnesses and assess their demeanor at a full hearing, we decline to disturb the court's determination as to the appropriate sanction for the mother's violation of the order (see Matter of Woodson v Woodson, 163 AD3d at 834; Matter of Terry v Borggreen, 6 AD3d at 1002-[*2]1003).
The father's remaining contentions are either without merit or based upon facts that are dehors the record and are not properly before the Court (see Matter of Female F., 40 AD3d 993, 994).
MASTRO, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court