■ DAVID K., Respondent, v IRIS K., Appellant. [714 NYS2d 297] —Judgment, Supreme Court, New York County (Marjory Fields, J.), entered April 21, 2000, which, after a nonjury trial, *inter alia*, awarded custody of the parties' child to plaintiff, unanimously affirmed, without costs.

The conclusion of the trial court, that an award of custody of

the parties' child to plaintiff is in the best interests of the child, is supported by a sound and substantial basis in the record, and is entitled to deference (*see, Eschbach v Eschbach*, 56 NY2d 167, 173). The court properly weighed the appropriate factors in making its determination, including the recommendation of the court-appointed forensic psychologist, two certified social workers and the child's law guardian, all of whom shared the opinion that the child's emotional well-being was contingent upon custody being placed with plaintiff. The evidence revealed that defendant deliberately frustrated and interfered with plaintiff's visitation rights and made false allegations of sexual misconduct. Such conduct was inconsistent with the best interests of the child (*see, Victor L. v Darlene L.*, 251 AD2d 178, *lv denied* 92 NY2d 816; *Young v Young*, 212 AD2d 114).

Defendant contends that a change in custody will be emotionally harmful to the child. However, "[t]hat a [sudden] change in custody may prove temporarily disruptive * * * is not determinative, for all changes in custody are disruptive" (*Matter of Nehra v Uhlar*, 43 NY2d 242, 248). Here, the mental health experts all concluded that the risk of emotional trauma caused by a change in custody was outweighed by the risk that the child would sustain emotional harm if she remained in defendant's custody (*see, Matter of Nehra v Uhlar, supra*, 43 NY2d, at 251-252). The experts testified that, notwithstanding the initial trauma to the child, a transfer was in her best interests and could be achieved because of the child's initial positive feelings toward plaintiff and plaintiff's commitment to the child. The experts also stated that plaintiff will foster an appropriate relationship between the child and defendant.

The court appropriately exercised its discretion in denying defendant's request for additional adjournment to retain new counsel since the court found that defendant's request was motivated by a desire to delay the trial (*see, Raji v Raji*, 225 AD2d 472). Moreover, defendant had ample time during the trial, which spanned several months, to retain new counsel.

The record reveals that, while the court was frustrated with defendant's dilatory tactics, its rulings were even-handed and did not display a bias against defendant. The court's refusal to permit defendant to call additional witnesses or to retake the stand was an appropriate exercise of discretion (*see, Matter of Flynn-Stallmer v Stallmer*, 167 AD2d 575, *lv dismissed* 77 NY2d 939).

The court's failure to award legal fees was appropriate since defendant failed to offer any evidence of the nature and value of services or to demonstrate her financial status (*McLane v*

*McLane*, 209 AD2d 1001, *lv dismissed* 85 NY2d 924). Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.