Matter of Anthony S. v Monique T.B. (2020 NY Slip Op 00382)





Matter of Anthony S. v Monique T.B.


2020 NY Slip Op 00382


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10818

[*1] In re Anthony S., Petitioner-Respondent,
v
Monique T.B., Respondent-Appellant.


Orrick Herrington & Sutcliffe LLP, Washington, DC (Peter E. Davis of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Goetz L. Vilsaint, Bronx, for respondent.



Order, Family Court, Bronx County (Leticia M. Ramirez, J.), entered on or about September 4, 2019, which denied respondent mother's objection to the order of a Support Magistrate awarding retroactive child support to petitioner father for one child and awarding petitioner child support and retroactive child support for the other child, unanimously affirmed, without costs.
The parties have been engaged in extensive litigation over child support since 2014. In the most recent appeal to this Court, in which respondent sought to dismiss the support petitions, we determined that the Family Court providently exercised its discretion in remanding the matter to the Support Magistrate for further proceedings "to determine whether petitioner was a custodial parent or otherwise a proper party to file a support petition on behalf of the child" (Matter of Anthony S. v Monique T.B., 167 AD3d 408, 409 [1st Dept 2018]). Upon remand, the Support Magistrate determined that petitioner was a proper party to originate the support proceedings, despite insufficient documentary evidence that the children lived primarily with him and not their paternal grandmother during the relevant period.
Contrary to respondent's contention, the Family Court Act (FCA) does not prohibit a non-custodial parent from commencing a support proceeding (see FCA § 422[a] ["A parent or guardian, of a child, or other person in loco parentis, ... may file a petition in behalf of a dependent relative"]). While respondent is correct that, in a shared custodial arrangement, the custodial parent cannot be required to pay child support as a matter of law (see FCA § 413; Bast v Rosoff, 91 NY2d 723, 728 [1998]; Rubin v Della Salla, 107 AD3d 60, 67 [1st Dept 2013]), we find that the unusual facts of this case do not demonstrate a shared custodial arrangement. Respondent is admittedly the non-custodial parent and has not contributed toward the children's support since the filing of the petitions; no other party has stepped forward to file a support petition, including the paternal grandmother who respondent claims is acting as the children's primary caretaker; and no evidence was submitted that either child was emancipated for the purposes of child support at the time the petitions were filed.
Thus, under the circumstances, we find no reason to disturb the Support Magistrate's determination that petitioner was credibly seeking support on behalf of the subject children and their paternal grandmother (see e.g. Matter of Nasir J., 35 AD3d 299 [1st Dept 2006]). We further note, as we did in the prior appeal, that to accept respondent's argument that the petitions must be dismissed would be to improperly release her from her undisputed support obligations, to the children's detriment (see Anthony S., 167 AD3d at 409).
Respondent argues in the alternative that the support petitions should have been dismissed under CPLR 3126 for petitioner's willful failure to comply with discovery orders. [*2]This issue was not determined by the Family Court in the order on appeal and is thus not properly before us. In any event, we considered and rejected it in the prior appeal (see Anthony S., 167 AD3d at 409; see generally CPLR 5501[a]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK