Matter of Johnell E.K. v Fatima T. (2020 NY Slip Op 03191)





Matter of Johnell E.K. v Fatima T.


2020 NY Slip Op 03191


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


30013/13 11611A -14 11611 V-30012-13/14G V-30013-13/15H V-1771-14/15G

[*1] In re Johnell E.K., Petitioner-Respondent,
v
Fatima T., Respondent-Appellant.


Leslie S. Lowenstein, Woodmere, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Orders, Family Court, Bronx County (Dakota D. Ramseur, J.), entered on or about October 17, 2016, and January 17, 2016, which, after a hearing, granted the father's petition, awarding him sole legal and physical custody of the parties' child, and denied the mother's petition, unanimously affirmed, without costs.
The court's determination that the award of sole legal and physical custody to the father would serve the best interests of the child has a sound and substantial basis in the record (see Eschbach v Eschbach , 56 NY2d 167, l7l [1982], citing Domestic Relations Law § 70). The evidence shows that the child has lived with the father since October 2014, and he takes care of her physical, emotional, educational, and medical needs. He has enrolled the child in day care, managed her asthma, bought her clothes, and, by all accounts, formed a close, loving bond with the child (see generally Eschbach , 56 NY2d at 172-174). The mother provided little or no financial support and has an unpredictable work schedule. Beginning early on, after the parties separated, the mother continually interfered with the father's access to the child, prompting the court to award the father temporary custody during the pendency of these proceedings. The mother also did not initially believe the child's asthma diagnosis and refused to administer the prescribed medication (id. ). By the mother's own testimony, the father cooperated in facilitating her visitation with the child and there is no indication that he would not continue to foster a positive relationship between mother and child as the custodial parent. While the trial court recognized the mother's strides
toward improving her parenting skills, overall the father still remained the parent more able to serve the child's best interests.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK