Matter of Stepan K. v Marina M. (2020 NY Slip Op 06952)





Matter of Stepan K. v Marina M.


2020 NY Slip Op 06952


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Docket No. V-331-17/17A, V-331-17/17B, V-332-17/17A Appeal No. 12476 Case No. 2019-05388 

[*1]In the Matter of Stepan K., Petitioner-Respondent,
v
Marina M., Respondent-Appellant.


Steven P. Forbes, Jamaica, for appellant.
Tsiring & Feldman, P.C., Brooklyn (Galina Feldman of counsel), for respondent.
Karen Freedman, Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered on or about June 11, 2019, which, to the extent appealed from as limited by the briefs, upon petitioner father's motion for modification of custody, after a trial, awarded the father legal and primary residential custody of the subject child, unanimously affirmed, without costs.
The record supports the court's determination that circumstances had changed since 2015, when the parties entered into an agreement pursuant to which the mother had custody, that [*2]therefore modification of custody was warranted, and that an award of custody to the father was in the child's best interests (see Matter of Santiago v Halbal, 88 AD3d 616 [1st Dept 2011]; Matter of Isaac C. v Veronica R., 18 AD3d 327 [1st Dept 2005]; see also Matter of Nehra v Uhlar, 43 NY2d 242, 248 [1977]).
There is no basis for disturbing the court's determination that the father testified credibly that the mother violated the 2015 agreement by refusing to share information about the child's school, traveling with the child for extended periods without informing him or ensuring that he could communicate with the child, and otherwise making it difficult or impossible for him to see the child. This testimony is particularly credible in light of the extreme steps the mother has taken in an effort to interfere with his access: filing reports, which she does not deny are untrue, that he sexually abused the child and that he committed violence against her.
There is no basis for disturbing the court's determination that the mother's testimony about the father's ongoing indifference as a parent was not credible and that the father testified credibly that he had wanted to be more involved but was thwarted by the mother and that he had been taking good care of the child in the years since he was awarded temporary custody. These credibility determinations are entitled to great deference on appeal (Matter of Lisa W. v John M., 142 AD3d 879 [1st Dept 2016], lv denied 28 NY3d 912 [2017]).
In view of the foregoing, the court properly determined that awarding custody to the father was in the best interests of the child. As indicated, the court credited the father's testimony that he was taking good care of the child, and the mother offers no basis for questioning that determination. Moreover, insofar as the mother was willing to resort to filing false reports against the father in an effort to interfere with his relationship with the child, the court's determination that the mother is not fit to be the custodial parent is amply supported (see Matter of Johnell E.K. v Fatima T., 184 AD3d 423 [1st Dept 2020]; Matter of Oscar S. v Joyesha J., 149 AD3d 439 [1st Dept 2017]; Matter of Penny B. v Gary S., 61 AD3d 589 [1st Dept 2009], lv denied 13 NY3d 705 [2009]). In contrast, the father acknowledged the importance of the child's relationship with the mother and testified that he would continue to support that relationship (see Karlsson v Karlsson, 145 AD3d 639 [1st Dept 2016]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020