Matter of Anthony G. v Stephanie H. (2020 NY Slip Op 07702)





Matter of Anthony G. v Stephanie H.


2020 NY Slip Op 07702


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Docket No. V-27648/17 Appeal No. 12710 Case No. 2019-04349 

[*1]In re Anthony G., Petitioner-Respondent,
v
Stephanie H., Respondent-Appellant.


Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, Bronx County (Tamra Walker, Referee), entered on or about October 2, 2019, which, after a hearing, granted petitioner-father's petition for a final order of custody of the subject child and denied respondent-mother's cross petition for custody, unanimously affirmed, without costs.
The totality of the circumstances supports the court's determination that sole legal and physical custody to petitioner-father was in the child's best interest (see Eschbach v Eschbach, 56 NY2d 167, 174 [1982]). Among other things, the mother absconded to Florida with the child, without the knowledge and consent of the father, who had been a regular presence in the child's life (see Matter of Victor L. v Darlene L., 251 AD2d 178, 179 [1st Dept 1998], lv denied 92 NY2d 816 [1998]; Matter of Oscar S. v Joyesha J., 149 AD3d 439 [1st Dept 2017]).
The mother contends that the Family Court denied her the opportunity to present her case. As a threshold matter, the mother's argument is unpreserved for review (see Matter of Toussaint Thoreau E.[Allen E.], 170 AD3d 551 [1st Dept 2019]; see also Matter of Anthony S. v Monique T.B., 179 AD3d 530 [1st Dept 2020]), and we decline to review in the interest of justice. As an alternative holding, we find that the Family Court properly concluded the fact-finding hearing in the mother's absence and did not deny her due process in doing so. Although the possibility of the mother testifying electronically previously had been raised, there is no record that the mother's attorney still intended for her to testify or that such request had been made by filing the necessary paperwork pursuant to Domestic Relations Law § 75-j (Form UCCJEA-7[a]). Moreover, the mother's counsel was present at all stages during fact-finding and participated on her behalf; therefore, the mother's absence from the courtroom did not violate her rights (see e.g. Kyanna T. [Winston R.],99 AD3d 1011, 1014 [2012], lv denied 20 NY3d 856 [2013]).
Further, the record fails to support the mother's contention that she was denied the effective assistance of counsel. The mother failed to demonstrate that she was prejudiced by her counsel's alleged failure to secure her testimony in response to the custody petition or that favorable evidence could and should have been offered on her
behalf (see Matter of Devin M.[Margaret W.], 119 AD3d 435 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020