Matter of Nancy A. v Juan A. B. (2023 NY Slip Op 00479)

Matter of Nancy A. v Juan A. B.

2023 NY Slip Op 00479

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Docket No. V-4069-13/21C V-4069-13/21D V-4291-13/21C V-4291-13/21D Appeal No. 17234-17234A Case No. 2022-00417 

[*1]In the Matter of Nancy A., Petitioner-Respondent,
v
Juan A. B., Jr., Respondent-Appellant. 

Law Offices of Susan Friedland, New York (Susan Friedland of counsel), for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.

Order, Family Court, Bronx County (Ariel D. Chesler, J.), entered on or about January 10, 2022, which, after a trial, granted petitioner mother's petition to modify the November 5, 2014 final order of custody and visitation to permit the mother to relocate with the parties' child to Florida, unanimously affirmed, without costs. Order, entered on or about January 10, 2022, same court and Judge, which, after trial, dismissed respondent father's petition to modify the November 5, 2014 order to award sole legal and physical custody to him, unanimously affirmed, without costs.
Family Court's determination has a sound and substantial basis in the record, and there is no reason to disturb the court's findings (see Matter of Carmen G. v Rogelio D., 100 AD3d 568, 568 [1st Dept 2012]). The court considered all of the relevant factors and properly concluded that the proposed relocation would serve the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741 [1996]). The mother, with whom the child has a close relationship, has been the child's primary caregiver and has had sole custody for many years. After suffering a change in financial circumstances because of the COVID-19 pandemic and with no financial support from the father, she has cultivated a party planning business in Florida that allows her to work from home and be available for the child after school (see Lvovsky v Lvovsky, 201 AD3d 571, 571 [1st Dept 2022]). Florida is also more affordable for her, and she demonstrated that a move to Florida would improve the child's quality of life (see Alaire KG v Anthony PG, 86 AD3d 216, 219-220 [1st Dept 2011]). Further, given the child's age, his strong desire to relocate is significant (see Sarah OO. v Charles OO., 198 AD3d 1151, 1152 [3d Dept 2021]), as is the fact that his younger brother, with whom he has a close relationship, lives in Florida (see Matter of Oscar S. v Joyesha J., 149 AD3d 439, 441 [1st Dept 2017]). By contrast, during the brief period the child stayed with the father, his schooling and physical safety suffered, as the father left him alone for periods of time and physically abused him (see Matter of Banks v DeLeon, 174 AD3d 598, 600 [2d Dept 2019]). The liberal visitation schedule, including visits during summer and school vacations, will allow for the continuation of a meaningful relationship between the father and the child(see Matter of Carmen G., 100 AD3d at 569).
We have considered the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023