Matter of Luisanny A. v Jonathan C. (2026 NY Slip Op 01119)

Matter of Luisanny A. v Jonathan C.

2026 NY Slip Op 01119

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Docket No. ?V15743-14/24|Appeal No. 5954- 5954A|Case No. 2025-03960|

[*1]In the Matter of Luisanny A., Petitioner-Appellant,
vJonathan C., Respondent-Respondent,

Geoffrey P. Berman, Larchmont, for appellant.
Steven P. Forbes, Huntington, for respondent.

Order, Family Court, Bronx County (Teresa J. Grogan, Ref.), entered on or about June 4, 2025, which dismissed petitioner mother's petition for an order modifying a prior order of custody, dated December 9, 2015, unanimously modified, on the law, to the extent of deleting the provision that the dismissal is "with prejudice," and otherwise affirmed, without costs. Appeal from the underlying order of dismissal, same court and Referee, entered on or about May 29, 2025, unanimously dismissed, without costs, as superseded by the appeal from the June 4, 2025 order.
There is a sound and substantial basis in the record to support Family Court's dismissal of the petition, as the mother failed to show a material change in circumstances warranting modification of the prior custody order awarding residential custody to the father (see Matter of Keidy A.R. v Timothy L.L., 233 AD3d 630, 631 [1st Dept 2024]). Although the mother testified that after she filed the petition she moved to a larger apartment and undertook the care of her two younger children, she did not testify regarding the nature of the child's relationship with their half siblings so as to show that the change in her living circumstances constituted a substantial change warranting a modification of the custody order (see Matter of Yvette F. v Corey J.G., 177 AD3d 549, 550 [1st Dept 2019]). The mother also testified that when she filed the modification petition on January 31, 2024, she was primarily responsible for attending the child's medical and dental appointments and school meetings. However, she conceded that she had more or less the same responsibilities when the custody order was entered in 2015, because the father, who had a less flexible work schedule, needed childcare assistance to fulfill his obligations as the child's residential custodian.
We find no basis to disturb the court's credibility determinations, which are entitled to deference (see Matter of Stepan K. v Marina M., 188 AD3d 600, 601 [1st Dept 2020]). Family Court properly rejected the mother's testimony that the child spent most of their time with her, as that testimony conflicted with her allegation in the petition that the child spent most of their time with their paternal grandmother.
We note that the June 4, 2025, order dismissed the petition "with prejudice," while the May 29, 2025, order dismissed the petition "without prejudice." Child custody and parental access orders are not entitled to res judicata effect and are subject to modification based on a showing of changed circumstances (see Matter of Hugee v Gadsen, 172 AD3d 863, 864-865 [2d Dept 2019]). Thus, the June 4, 2025 order should be modified to the extent of deleting the provision that the dismissal of the petition is "with prejudice" (see Matter of Keidy A.R., 233 AD3d at 631).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026